JOHN CORSE et al., as Trustees under the Will of HENRY CORSE, Deceased, Respondents, *v.* SARAH M. CHAPMAN et al., Impleaded, etc., Appellants.

1. ACTION FOR CONSTRUCTION OF WILL, NOT AN ACTION FOR PARTITION. An action brought by testamentary trustees to construe a will which directs them to divide the estate into shares, in which they simply seek to perfect the trust estates or shares claimed to have been created by the will, under the advice and with the assistance of the court, is not an action for partition.

2. ESTATE IN REMAINDER — TIME OF VESTING. The law favors the vesting of estates; and the words " from and after " or like expressions as relating to the termination of the life estate do not postpone the vesting

of the estate in remainder until the death of the life tenant, but rather refer to the period when the remainderman would become entitled to the estate in possession.

3. WILL CONSTRUED. The will of a testator having eight children gave the residuary real estate to the executors in trust to divide into eight equal parts, being one share for the use of each child, and to pay over to each the income of his or her share during life, and stated that " on the death of any child, then the said trust as to his or her said one-eighth share shall cease, and I then devise the said share to my grandchild or grandchildren who may be the lawful issue of my said child so dying, and to his, her or their heirs and assigns forever." The will further stated that this devise was to be construed so as to open and let in any grandchildren born after the testator's death, and that in the event of the death of any of the testator's children without issue, then the share so set apart for the use of such child should be subdivided among the testator's children then living and the income therefrom paid to the respective children for life. The testator's eight children survived him and were living, and several of them had issue who were also living, at the time the will was construed. *Held,* that eight separate and legal trust estates were created and are now in existence; that each of the grandchildren became vested at the testator's death with an absolute estate in remainder in the share of his or her parent, subject to the contingency of opening to let in any grandchildren born after the testator's death; that as to the shares of the testator's children having issue, the fee vested at the moment of the testator's death in the grandchildren, subject to the life estate of the parent; and that there was no unlawful suspension of the power of alienation for more than two lives even as to the shares of such children of the testator as might die without issue.

4. ALIENABLE LIFE ESTATE. The will gave the testator's widow a life estate in certain realty, which on her death was to come into the trust. *Held,* that this did not create an unlawful suspension of the power of alienation, as the life estate had no connection with the trusts created by the will, and was alienable at any time by the widow.

5. POWER TO SELL. The will gave an express power to the executors and trustees to sell the testator's unimproved and unproductive real estate, but did not provide in terms for a power to sell his productive real estate. *Held,* on reading the will as a whole, that the duty imposed upon the executors as trustees to divide the real estate into equal shares carried with it the implied power to sell the productive real estate for the purpose of apportioning the prescribed shares, under the supervision of the court as to details.

6. SCOPE OF SUBSIDIARY TRUST. A codicil directed that the income of the one-eighth share of the estate apportioned for the use of the testator's son H., or so much thereof as might be necessary, should be applied for the education and support of H.'s children during his lifetime, and stated that in the stead of the executors named in the will as trustees " so far as

relates to the said share only, I do hereby nominate, constitute and appoint my said son H. trustee of said share." *Held*, that the share of which H. was made trustee was the one-eighth of the net income of the estate, and not one-eighth of the testator's real estate.

7. Res Adjudicata. A decision of a surrogate construing a testamentary disposition of personal property is not *res adjudicata* in an action for the construction of the will in reference to the real estate.

*Corse* v. *Chapman*, 91 Hun, 642, affirmed.

(Argued June 16, 1897; decided October 5, 1897.)

Appeal from an order of the General Term of the Supreme Court in the first judicial department, entered December 18, 1895, denying a motion for a new trial, under section 1001 of the Code of Civil Procedure.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William C. Reddy* for appellants. From the time of the death of the testator, the power of conveying an absolute fee in possession was suspended, as to his improved real estate for a certain period of time, and the query of fact is, " was it for more than two lives in being at the death of the testator, and was such his intent." (1 R. S. 773, § 1; L. 1896, ch. 547, §§ 30, 32 ; 140 N. Y. 516; *Genet* v. *Hunt*, 113 N. Y. 158; *Vail* v. *Vail*, 4 Paige, 317.) There are no legal trust estates now in existence. (*Cuthbert* v. *Chauvet*, 136 N. Y. 331; 18 Barb. 467; *Genet* v. *Hunt*, 113 N.Y. 172; *Corse* v. *Corse*, 144 N. Y. 572.) Assuming, however, that eight separate trust estates do now exist, the will suspends the power of alienation unlawfully. (*Bailey* v. *Bailey*, 97 N. Y. 460; *Parks* v. *Parks*, 9 Paige, 107; *Amory* v. *Lord*, 9 N. Y. 403; *Wood* v. *Wood*, 5 Paige, 596; *Schettler* v. *Smith*, 41 N. Y. 328; *Ward* v. *Ward*, 105 N. Y. 75; *Surdam* v. *Cornell*, 116 N. Y. 305; *Monarque* v. *Monarque*, 80 N. Y. 320; *Locke* v. *F. L. & T. Co.*, 140 N. Y. 135; *Tilden* v. *Green*, 130 N. Y. 50.) If the will (embracing the entire scheme of the testator), of which the codicil is a part, be held valid, then remains only the question of the construction of the codicil, as to which we contend that Henry Corse, Jr., is trustee after

division had, not alone of the income, but of the *corpus* of a share. (*In re Verplanck*, 91 N. Y. 449.)

*Geo. C. Blanke* for respondents. Neither the whole nor any part of the testator's will is void. (*Vanderpoel* v. *Loew*, 112 N. Y. 167; *Bailey* v. *Bailey*, 97 N. Y. 470; *Harrison* v. *Harrison*, 36 N. Y. 543; *Kennedy* v. *Hoy*, 105 N. Y. 134; *Cross* v. *U. S. T. Co.*, 131 N. Y. 339; *Rogers* v. *Rogers*, 111 N. Y. 228.) Henry Corse, Jr., is not appointed by the codicil trustee of the *corpus* of one-eighth of testator's real estate, but only trustee of the income thereof for the benefit of his children. (*Corse* v. *Corse*, 72 Hun, 39.) Each of the grandchildren became vested with an absolute estate in remainder in the share of his or her parent. (2 Jarman on Wills [6th ed.], 1402; *Carpenter* v. *Schermerhorn*, 2 Barb. Ch. 314; *Moore* v. *Lyons*, 25 Wend. 119; *Scott* v. *Gurnsey*, 48 N. Y. 106; *Barnes* v. *Provost*, 4 Johns. 61; *Ackerman* v. *Gorton*, 67 N. Y. 66; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Nelson* v. *Russell*, 135 N. Y. 137; *Low* v. *Harmony*, 72 N. Y. 408; *Embury* v. *Sheldon*, 68 N. Y. 227.)

*George G. Dutcher*, guardian *ad litem*, for respondents. In all cases of doubt that construction should be adopted which will sustain the will without doing violence to its language. (*Post* v. *Hover*, 33 N. Y. 593, 601; *Mason* v. *Jones*, 2 Barb. 229; 2 N. Y. 306; 3 N. Y. 375; *Du Bois* v. *Ray*, 35 N. Y. 163; *In re Verplanck*, 91 N. Y. 443; *Weeks* v. *Cornwell*, 104 N. Y. 325.) The gift of the house No. 80 Jane street is not to count for a life in ascertaining whether testator tied up his property for more than two lives in being at the creation of the trust. (*Bailey* v. *Bailey*, 97 N. Y. 460.) If the devise over, in the event of the death of any or either of testator's children without issue, is bad, because of a possibility of an illegal suspension, it is submitted that the illegal part can be cut out, and still the provision for his children and grandchildren can remain and be carried out. It is no valid objection to the limitation that it is in favor of unascer-

tained persons, the unborn issue of the testator. (*Gilman* v.
*Reddington,* 24 N. Y. 9; *Harrison* v. *Harrison,* 36 N. Y.
543; *Van Vechten* v. *Van Veghten,* 8 Paige, 104; *Irving* v.
*De Kay,* 9 Paige, 521; *Kennedy* v. *Hoy,* 105 N. Y. 134;
*Van Schuyver* v. *Mulford,* 59 N. Y. 426; *Benedict* v. *Webb,*
98 N. Y. 460; *Manice* v. *Manice,* 43 N. Y. 303; *Knox* v.
*Jones,* 47 N. Y. 389; *Tilden* v. *Green,* 130 N. Y. 50; *Under-
wood* v. *Curtis,* 127 N. Y. 542; *Savage* v. *Burnham,* 17 N. Y.
561.) The grandchildren who were living at the death of the
testator, or are now living, had and have vested remainders,
subject to let in after-born children. (1 R. S. 123, § 13; *Tag-
gart* v. *Murray,* 53 N. Y. 233; *Jenkins* v. *Fahey,* 73 N. Y.
355; *Mead* v. *Mitchell,* 17 N. Y. 210; *Moore* v. *Littel,* 41 N.
Y. 66; *Smith* v. *Scholtz,* 68 N. Y. 41; *Wilson* v. *White,* 109
N. Y. 59; *Moore* v. *Lyons,* 25 Wend. 119; *Livingston* v.
*Greene,* 52 N. Y. 118; *Nelson* v. *Russell,* 135 N. Y. 137;
*Scott* v. *Guernsey,* 48 N. Y. 106; *Low* v. *Harmony,* 72 N.
Y. 408; *Mitchell* v. *Knapp,* 54 Hun, 500; 124 N. Y. 654.)

BARTLETT, J. This is an action to construe the will and codi-
cil of Henry Corse, deceased, a former resident of the city of
New York.

The learned judge at Special Term held, very properly, that
this is not an action for partition, as the trustees simply seek
to perfect the eight trust estates or shares claimed to have
been created by the will, under the advice and with the
assistance of the court.

The second subdivision of the will creates the eight trust
shares and the appellants attack the validity of these
provisions.

The personal estate of the testator is not involved on this
appeal, and we are asked to determine the status of the real
estate only.

The testator left a widow (since deceased) and eight
children, all of whom are living, and all but two (Harriet L.
and Amelia A. Corse) are married, and have issue now living.

The testator gives, devises and bequeaths to his executors

the residue of his estate, real and personal, to hold the same upon the trusts, terms and conditions, to wit:

To divide the same into eight equal parts, being one share for the use of each one of his eight children, and to pay over to each the net income of his or her share during life.

The will then provides as follows, viz.: "On the death of any child, then the said trust as to his or her said one-eighth share shall cease, and I then devise the said share to my grandchild or grandchildren who may be the lawful issue of my said child so dying, and to his, her or their heirs and assigns forever. This devise is to be construed so as to open and let in any grandchild or grandchildren born after my death to take under the same. In the event of the death of any or either of my said children without lawful issue, then I direct that the share so set apart for the use of such child shall be subdivided and allotted into as many parts or shares as there may be children of mine then living, and the same shall be deemed added to said shares proportionately, severally and respectively, and the rents and income therefrom added and paid to my said several and respective surviving children during his or her life."

The appellants' position is, in brief, that there are no legal trust estates now in existence; that, assuming they do exist, the power of alienation is unlawfully suspended.

We are of opinion that eight separate and legal trust estates were created by the will, and that each of the grandchildren became vested with an absolute estate in remainder in the share of his or her parent, subject to the contingency of opening to let in any grandchild or grandchildren born after the testator's death.

As to the shares of testator's children having issue, it is clear that the fee vested at the moment of testator's death in the grandchildren, subject to the life estate of the parent, and upon the death of such issue the parent surviving would undoubtedly take under the Statute of Descent.

It is a well-settled principle of construction that the law favors the vesting of estates and that the words "from and

after," or like expressions as relating to the termination of the life estate, do not postpone the vesting of the estates in remainder until the death of the life tenant, but rather refer to the period when the remaindermen would become entitled to the estates in possession. (*Livingston* v. *Greene*, 52 N. Y. 118; *Taggart* v. *Murray*, 53 N. Y. 233; *Ackerman* v. *Gorton*, 67 N. Y. 63; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Nelson* v. *Russell*, 135 N. Y. 137.)

The language of the will we are now considering does not remove it from the principle laid down in the foregoing cases.

The will provides that on the death of any child the testator "then" devises the share to the issue of the child so dying. The word "then," is not an adverb relating to time, but means "in that event," and the present vesting of the estates in remainder is clearly contemplated by the scheme of the will.

The learned counsel for the appellants insists that even if the trust estates are valid where grandchildren are in existence and take the fee, nevertheless as to those shares where there is no issue the language of the will provides for an unlawful suspension of the power of alienation for more than two lives.

The language referred to is as follows: "In the event of the death of any or either of my said children without lawful issue then I direct that the share so set apart for the use of such child shall be subdivided and allotted into as many parts or shares as there may be children of mine then living and the same shall be added to said shares proportionately, severally and respectively, and the rents and income therefrom added and paid to my said several and respective surviving children during his or her life."

The argument for the appellants is that the two maiden daughters of testator are not likely to marry and that their shares will ultimately be divided under the provisions of the will just quoted.

That if Amelia died first her share would be subdivided into seven parts and be still held in trust for seven other lives,

and that should Harriet die next her share would be divided into six parts, and the one-seventh of Amelia's share would also be divided into six parts and held under further trusts.

The language of the will does not admit of any such construction. The testator directs that upon the death of a child " the share so set apart " shall be subdivided and be distributed among the surviving children.

The will does not contemplate any further division of this share. Recurring then to appellants' illustration, if Amelia died first, one-seventh of her share would go to Harriet, and upon the death of Harriet without issue, the share originally set apart for her would be divided among the other children, but the fraction of one-seventh of a share received by her from Amelia's estate would not be included in this division, but would be set free by the falling in of the second life in being and vest absolutely. This being so, the fraction of a share becomes alienable at the end of two lives in being, and there is no unlawful suspension of the power of alienation. ( Vanderpoel v. Loew, 112 N. Y. 167.)

The appellants further urge as to the property No. 80 Jane street, in the city of New York, that there was an unlawful suspension of the power of alienation by reason of the life estate given the testator's widow therein. This life estate had nothing to do with the trusts created by the will and was alienable at any time by the widow. (Bailey v. Bailey, 97 N. Y. at page 470.)

As the title to a large amount of real estate is to be made under the provisions of this will, we deem it proper to state our views with some particularity on this important branch of the case. It is true that while the testator gave an express power to sell his unimproved and unproductive real estate he failed to provide in terms for a power to sell his productive real estate.

It being essential to carry out the specific directions of the testator to divide his real estate into eight equal parts it may well be that this duty, imposed upon the executors as trustees, carries with it the implied power to sell. We are of opinion

that this is a proper construction of the will when read as a whole. This will was before us on a former occasion as to the validity of a lease executed by certain of the executors, and we then held that as they were authorized to receive the rents and income of the residuary estate the power to lease was clearly implied. (*Corse* v. *Corse*, 144 N. Y. at page 572.)

It appears that testator's improved and productive real estate consists of thirteen parcels, and that one of these is of greater value than one-third of his entire real estate, and this is one of the reasons why the aid of the court has been invoked to divide the real estate into eight equal portions.

The interlocutory judgment entered herein requires the referee to report a plan of division and allotment of the unsold parcels of testator's real estate and of the net proceeds of sale of the parcels which may be decreed to be sold, in such manner that the whole of said real estate and the proceeds of sale above mentioned may be divided into eight equal parts or shares, quantity and quality relatively considered, and that the several shares may be allotted to the respective children of the testator or their issue, etc.

The general principle here announced seems equitable and proper under the circumstances and we hold that the executrices, executors and trustees have full power and authority to sell said real estate and make good title to the same in carrying out such plan as in its details shall be approved by the court below and executed under its supervision.

The remaining question to be considered is whether under the provisions of the codicil to this will Henry Corse, Jr., is trustee of one-eighth of testator's real estate, or only of the income thereof for the benefit of his children.

The testator by his codicil changed the scheme of his will so far as his son Henry was concerned. After reciting in a general way the provisions of the will in this connection the testator says : " I do hereby provide and direct that the net interest and income from said share, or so much thereof as may be necessary, shall be paid, appropriated and applied to and for the education, maintenance and support of the chil-

dren of my said son Henry during the lifetime of my said son, and in the stead and place of my executrices and executors named in said will as trustees so far as relates to the said share only, I do hereby nominate, constitute and appoint my said son, Henry Corse, Jr., trustee of said share," etc.

Then follows a provision that upon the death of Henry the principal of the trust shall be divided and paid over to his children and their heirs and legal representatives. While the literal reading of the codicil is somewhat obscure, the intention of the testator is quite manifest when the will and codicil are read together.

The testator gave his trustees no express power to sell his productive real estate; he recommended his property should be kept together so long as possible; he provided in the will that upon the death of his son Henry the trustees should divide the principal of his share among his children and a like division is directed by the codicil; from these provisions and the general scheme of the testator, we are of opinion that the courts below were right in holding that the share of which Henry Corse, Jr., was made trustee was the one-eighth of the net income of the estate to which his children were entitled under the codicil. The testator evidently did not intend to impose upon his trustees the duty of looking after the education, maintenance and support of Henry's children, but very properly committed the carrying out of that trust to Henry.

It is urged that in 1889 the surrogate of the county of New York determined, in proceedings for an accounting, that Henry was entitled to hold as trustee under the codicil one-eighth of the personal property of his father's estate, and that this decision is *res adjudicata.*

The surrogate was dealing only with the personal property, and his decree is not conclusive in this action to construe the will and codicil and establish the eight trust shares of the real estate.

The Code of Civil Procedure expressly provides that where the construction of any disposition of personal property in a will of a resident of this state, and executed within this state,

is put in issue, the surrogate may determine the question. (§ 2624.)

We observe in the brief of the attorney for one of the infant grandchildren, Ernest H. Fischer, son of Catherine E. Fischer, the suggestion that through an oversight no provision was made in the conclusions of law, nor in the decree, covering this share.

This is a matter within the control of the Supreme Court, and the oversight, if it exists, will doubtless be corrected upon application duly made.

The order denying a new trial should be affirmed, with costs.

All concur, except GRAY, J., absent.

Order affirmed.