seeks to be relieved, plaintiff should be treated precisely as though he were an adult, in so far as his prayer for relief is concerned. The situation from which he desires to escape was created by his own fraud, in which, as has already been said, he was aided and abetted by the defendant. Under such circumstances the court will not aid the parties to avoid the consequences of their own moral turpitude, but leave them as it finds them.

The case of Kinnier v. Kinnier, 45 N. Y. 535, 6 Am. Rep. 132, relied upon by the plaintiff, does not seem to me to be in point; nor has my attention been called to any other decision of the courts of this state that is. The Kinnier Case holds simply, first, that a judgment or decree of divorce of another state, in the absence of fraud in its recovery pleaded and proved, binds the parties in this state; and, second, that after marriage the parties are relegated to the lex loci when they seek remedies for violations of their marital rights.

I am of the opinion that the complaint herein should be dismissed, with costs.

---

### In re COLLINS.

(Supreme Court, Appellate Division, First Department. April 23, 1909.)

WILLS (§ 531*)—CONSTRUCTION—SHARES DEVISED—PER STIRPES OR PER CAPITA.
    A will devised property in trust for each of testator's three daughters for her life, with payment to her issue on her death and on the issue becoming of age, and provided that, on "either" of the daughters dying without issue or descendants of issue, the share should be divided among her sisters, children of a first wife, and that, on death of "either" leaving issue or descendants of issue, the share should be divided so that the children or descendants of each of the sisters should take one share thereof. Two of the daughters were born of a first marriage and the third of a second marriage. The first two daughters died, leaving one child and three children, respectively. Subsequently the third daughter died. *Held*, that the third daughter's share passed to her sisters' children per stirpes, and not per capita.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1143, 1144, 1148–1152; Dec. Dig. § 531.*]

Appeal from Surrogates' Court, New York County.

In the matter of the settlement of the accounts of Stephen W. Collins, substituted trustee under Stacy B. Collins' will. From a decree ordering a distribution, John Murray appeals adversely to Frederick Hussey and others. Reversed and remitted.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Morris Hillquit, for appellant.
W. H. Wood, for respondents.

HOUGHTON, J. Stacy B. Collins died in 1873, leaving a last will and testament by which, after the making of certain bequests and devises, he directed that the residue of his estate should be divided into three equal parts. He had three daughters, and he directed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his executors to hold one part in trust for each daughter during her life, and on her death to pay the same to her issue in equal shares, on their arriving at the age of 21 years. If a daughter died without issue the will made the following provision:

"In case it shall so happen that either of my said daughters shall depart this life without leaving lawful issue or descendants of issue her surviving, then upon her decease the said one-third shall be equally divided among her sisters, children of my first wife, or in case of the death of either leaving children or descendants of children surviving, then the said one-third shall be divided in such way that the children or descendants of each of her said sisters shall take one share thereof."

Mary and Cornelia were daughters by the first wife, and Mary died leaving one child, this appellant, and Cornelia died leaving three children, these respondents. After their death the daughter Sarah by the second wife died without issue, and, all the trusts being terminated, the trustees petitioned for final accounting. On that accounting the surrogate decided that the fund held in trust for the daughter Sarah, who died without issue, passed to the children of the two deceased half-sisters per capita, and ordered distribution to them on that basis. The appellant, Murray, insists that the learned surrogate erroneously construed the will in this regard, and that the fund should be distributed per stirpes, instead of per capita, and that he is entitled to one half, and that the three respondents are entitled to the other half, to be divided amongst them equally.

We are of the opinion that such is the proper construction of the will, and that the learned surrogate was in error in construing it otherwise. While it is true that the issue of both daughters are grandchildren of the testator, and thus belong to the same class of relationship, there are many indications in the will, aside from the language of the clause under consideration, showing that the testator intended, in case one of his daughters should die without leaving issue, that the fund held in trust for her should be distributed to the children of the other daughters through representation of the parent, and hence per stirpes, and not per capita. In an earlier provision of his will with respect to a division of his library, engravings, and paintings amongst his children, he provided that, in case any child should die leaving lawful issue, such issue should take the share of the parent or parents. In directing how the share held in trust for each daughter should be distributed on her death, he provided that it should be divided equally amongst her children, and if any child should be dead, leaving issue, such issue to take the share which its parent would have taken. The idea of the testator seems to have been to make division of his property amongst his grandchildren and great-grandchildren, if any, through representation of their parents, and not to them as a general class.

It is urged that the testator did not contemplate the death of both of his daughters by his first wife, because he provided that, in case of death of any daughter without issue, the one-third held in trust should be divided equally "among her sisters, children of my first wife, or in case of the death of either" to her children, and hence, both having died prior to the death of the daughter Sarah by the second wife, who

left no issue, all the grandchildren formed a class which should take equally. The event of the death of "either" applies to the death of both the daughters by the first wife, and the will provides that the one-third held in trust "shall be divided in such way that the children or descendants of each of her sisters shall take one share thereof." While the language may not be entirely apt to the event of the death of both daughters leaving issue, still the intent of the testator is clear that his two daughters by the first marriage should take equally, and, if either or both should die leaving issue, such issue should take the share which the parent would have taken.

The provisions of the will are quite different from those under consideration in Bisson v. W. S. R. R. Co., 143 N. Y. 125, 38 N. E. 104, upon which the respondents rely. Our conclusion is that the surrogate erred in ordering a distribution of the fund in equal proportions to the grandchildren, and that the correct interpretation of the will is that one half passed to the three children of Cornelia, to be divided between them equally, and that the other half passed to the one child of Mary.

That part of the decree of the surrogate appealed from, therefore, must be reversed, and the matter remitted to the Surrogate's Court for distribution in accordance herewith, with costs to the appellant payable out of the estate. All concur.