In the Matter of the Accounting of EDWARD P. STARCK, as Trustee under the Will of FRANCES L. BEMIS, Deceased.

Surrogate's Court, Westchester County, July 1, 1949.

*Warner Pyne* for trustee, petitioner.

*Robert P. Smith* and *George W. Burch, Jr.,* for Francis C. Ford.

*George W. Cornell,* special guardian for Carl E. Brown and others.

*Robert B. Stewart,* special guardian for Anna M. Bemis and others, infants.

GRIFFITHS, S. The death of the income beneficiary of a trust of a one-fifth share of the residuary estate has made necessary a determination as to disposition of such share in this accounting proceeding.

The testatrix died on March 6, 1920. By her will dated September 28, 1917, she directed her trustees to divide her residuary estate into five equal shares. The income of each share was

payable to each of five named beneficiaries during his or her lifetime. On the death of an income beneficiary before the death of testatrix such share was payable to the issue of such deceased beneficiary and, in default of issue of such beneficiary the number of shares into which the residuary estate was to be divided was to be reduced accordingly.

A determination of the issues presented requires a consideration of the context of the succeeding paragraph, which reads as follows: '' And upon the further trust, upon the death of any beneficiary under this trust who shall survive me, leaving issue him or her surviving to pay and deliver the share which had been so set apart for his or her use, with any additions thereto that may have been made as hereinafter provided, to such issue, share and share alike; if any beneficiary shall leave no issue him or her surviving, then the said part or share so set apart for his or her use shall be divided and added in equal parts to the remaining shares, and such addition to each share shall at the death of the takers thereof, respectively, without issue surviving, be divided equally among the survivors of said beneficiaries under this trust, the issue of any of those who may be dead to take the share which the parent would have taken if living; and as to the share of the last survivor of said beneficiaries under this trust, in case he or she shall die leaving no issue him or her surviving, but issue of either of the others shall survive, then I give and bequeath the last mentioned share, with any additions that may have been made thereto, to such surviving issue of such other beneficiaries under this trust *per stirpes* and not *per capita*; if no issue of either of such other beneficiaries under this trust shall so survive, then I give and bequeath said last mentioned share, with said additions to such person or persons as such last surviving beneficiary under this trust shall by his or her last will direct and appoint, or who may be entitled thereto by the laws of his or her domicile.''

All of said income beneficiaries survived testatrix. Three of said beneficiaries have heretofore died survived by issue and the shares of such beneficiaries have heretofore been distributed among the respective issue of each beneficiary. The income beneficiary of the trust herein accounted for died on June 28, 1948, without issue. At her death there was but one income beneficiary who still survives. There are surviving issue of the sole surviving income beneficiary, one of whom was born after June 28, 1948.

In behalf of the grandchildren of the surviving income beneficiary it is suggested that the will reflects an intent to dispose of the share of a beneficiary who dies without issue by adding the same to the remaining trust or trusts. It is therefore urged that under the contingency which has here occurred the entire share of the income beneficiary who died without issue is to be added to the trust for the sole remaining income beneficiary. In behalf of the respective issue of each deceased income beneficiary it is contended that the share of such deceased income beneficiary who died without issue is divisible into four equal parts, that one part should be added to the sole remaining trust and that the other three parts are distributable among the respective issue of the deceased income beneficiaries.

If the dominant purpose were the creation of a single trust subsisting during five lives, absolute ownership would be illegally suspended and the trust void in its entirety even though under some contingencies it might end within the statutory period. (Personal Property Law, § 11; Real Property Law, § 42; *Matter of Horner,* 237 N. Y. 489; *Central Trust Co.* v. *Egleston,* 185 N. Y. 23; *Leach* v. *Godwin,* 198 N. Y. 35.) If, however, the dominant purpose were the creation of a trust divisible into separate shares and terminable by separate lives, the trust to that extent might be upheld even though in some other contingency it would be illegally prolonged. (*Matter of Horner, supra; Matter of Colegrove,* 221 N. Y. 455.)

An examination of the entire will discloses an intent to create a single trust divisible into five separate shares measured by five separate lives. Each named beneficiary was to receive the income of such share. Upon the death of such income beneficiary, his issue, if any, were to receive the principal of such share. As to an income beneficiary who predeceased testatrix, distribution of such share was to be made absolutely to the children or descendants of such deceased income beneficiary.

In providing for the disposition of the share of an income beneficiary who survived testatrix but died without issue, testatrix directed that such share " be divided and added in equal parts to the remaining shares ". She then directed that " such addition to each share shall at the death of the takers thereof, respectively, without issue surviving, be divided equally among the survivors of said beneficiaries under this trust, the issue of any of those who may be dead to take the share which the parent would have taken if living ".

Although there is no express direction that the part of a share be continued in a further trust, such an intent is embraced in

the direction that such share be divided and added to the remaining shares and for distribution of such addition " at the death of the takers thereof." Although in the portion of the will last above quoted provision is made for the disposition of a subshare in the event of a beneficiary's dying without issue, in the first part of the paragraph above quoted provision is made for the disposition of an addition to a share, as well as of a share, in favor of the issue of a deceased income beneficiary.

The will is construed as providing for distribution of the share of a beneficiary who died without issue among the surviving beneficiary or beneficiaries, and for a per stirpes distribution among the issue surviving at the time of distribution of any deceased beneficiary. Under the contingency which has now occurred the share of a childless beneficiary is divisible into four equal shares. One such share is to be added to the trust for the sole surviving beneficiary. Each of the other three shares is presently distributable, per stirpes, among the surviving issue of the three deceased beneficiaries.

Under the contingency which has occurred no part of any share will be continued in trust for more than two lives since there is now but one surviving beneficiary. However, for the reasons hereinafter set forth alienation would not be suspended for more than two lives under any contingency which might have occurred.

Any intent to suspend absolute vesting of any share or subshare for more than two lives must be found in an intent that there shall be more than one subdivision of an original share and in a presumed intention for the continuance in trust of that part of an original share which had been subdivided more than once. Since each original share is to be held in trust for but one life, the fraction of any original share added to the share of any of the other beneficiaries might lawfully be held in trust for one additional life. There is implicit in the will an intent to provide, under some contingencies, for more than one subdivision of an original share, but there is absent any apparent intent that any original share which has been subdivided more than once shall be continued in trust thereafter. On the contrary, the intent is clear that any share which has been once subdivided and continued in trust for a second life shall at the termination of such life vest absolutely among the surviving beneficiaries or the surviving issue of any deceased beneficiary. Such intent is found not only in the general testamentary scheme but also in the direction that " such addition to each share shall at the death of the takers thereof, without issue surviving, be divided

equally among the survivors of said beneficiaries under the trust followed by the substitutionary gift in favor of issue of a deceased beneficiary.''

Although the testatrix died before the enactment of section 47-a of the Decedent Estate Law, the rule that a gift to issue was to be regarded as purporting a per capita distribution yielded to '' a very faint glimpse of a different intention ''. (*Central Hanover Bank & Trust Co.* v. *Pell,* 268 N. Y. 354; *New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Durant,* 231 N. Y. 41; *Matter of Farmers' Loan & Trust Co.,* 213 N. Y. 168; *Matter of Union Trust Co.,* 170 App. Div. 176, affd. 219 N. Y. 537.) In *Matter of Lawrence* (238 N. Y. 116) it was held that a direction for a distribution '' share and share alike '' might be satisfied by division equal as between stocks. An express direction for distribution per stirpes is found herein only in the provision for disposition of the shares and additions thereto of the last surviving beneficiary should such beneficiary die without issue. In such event the share was bequeathed to the surviving issue of the other beneficiaries. The indicia of a contrary intent is found however in a paragraph which begins and ends with a division equal as between stocks. An intermediate clause providing for the disposition of an addition to a share upon the death of the takers without issue directs that the issue of a beneficiary who may be dead shall take the share which the parent would have taken if living. A substitutionary gift in favor of issue as to the share which the parent would have taken if living imports a gift by representation through a parent and consequently a per stirpes distribution. (*Matter of Collins,* 131 App. Div. 834, affd. upon opinion below 196 N. Y. 533.) For the reasons above set forth the court determines that children of a living parent were not to share together with such parent, and that a per stirpes distribution was intended.

The court further determines that the fraction of the share which Helen A. Ford would have received if living is payable to her sole surviving son. Said beneficiary died on November 21, 1945, survived by two sons. One of such sons, Edward, died without issue on May 28, 1946. The other son is still alive and is the father of three children, all of whom still survive. Edward Ford having died without issue before the termination of the trust of the share accounted for herein does not fall within the class among whom such share is distributable. The remainder of such share was distributable to a class to be determined at the time fixed for distribution. Survivorship at such time was a prerequisite of the right to share therein. The

applicable provisions of the will clearly refer under this contingency to survivorship at the death of the income beneficiary and not at the death of testatrix. Accordingly, no part of such share is distributable to the legal representatives of the estate of Edward Ford.

The court further determines that the shares of stock received as dividends are allocable solely to income.

Submit decree on notice construing the will accordingly and settling the account as filed.