J ohn J. Dillon, S.
The death of an after-born grandchild of testatrix has occasioned the necessity for a construction of the will.
The testatrix died a resident of Westchester County on January 23, 1949, and her will dated April 16, 1948 was duly admitted to probate and letters testamentary and letters of trusteeship thereon were issued on February 16, 1949.
Under article “ seventeenth ” of the will the testatrix created a trust which in no event was to continue for a period longer than two lives in being at its creation. The remainder of the trust was devised and bequeathed in terms of a present gift among the grandchildren of testatrix who, under the terms of the will “ are to receive distribution thereof in ten equal installments ”, with a further provision for distribution of such principal shares- among any after-born grandchildren who, it is expressly provided, are “ also to share with the grandchildren already living" at the time of my demise ”.
*285 Since the testatrix expressly directed that the persons entitled to share in the principal were to include any grandchildren born subsequent to her death, the designated class of beneficiaries living at the death of testatrix is subject to being opened up to let in such after-born grandchildren. The court further determines that the remainder of the trust vested at the date of death of testatrix in her grandchildren, subject to divestment only to the extent that a fractional interest of each share is required to provide an equal share for any grandchildren born subsequent to the death of testatrix. This conclusion is in accordance with the canons of construction which favor the early vesting of estate (Connelly v. O’Brien, 166 N. Y. 406) and with those provisions of the will for the distribution of principal shares in terms of present gift among persons living at the date of testatrix’ death.
Moreover, the canons of construction do not favor a disinheritance of remaindermen who predecease the life tenant. (Hersee v. Simpson, 154 N. Y. 496; Corse v. Chapman, 153 N. Y. 466; Matter of Brown, 154 N. Y. 313.) The share to be set apart for any grandchild is not, therefore, subject to being divested by his or her death whether born before or after the death of testatrix. The subsequent provisions of article “ twenty-second ” of the will providing for the postponement of payment of any share of principal vesting in a “ minor distributee ” of a grandchild dying before final distribution is ineffectual to divest the share of a grandchild dying before final distribution to such grandchild. The canons of construction do not permit an absolute gift to be cut down or diminished by a subsequent provision not equally clear and definite. (Tillman v. Ogren, 227 N. Y. 495; Post v. Moore, 181 N. Y. 15; Matter of Snowden, 235 App. Div. 862.)
In determining the method of paying the portion of the trust remainder to which the estate of a deceased grandchild is entitled, it is noteworthy that if the court were to direct payment at this date, the effect thereof would not only prejudice the rights of the income beneficiaries, but it likewise would prejudice the rights of any grandchildren born subsequent to this determination, but prior to the final distribution of the trust principal.
Accordingly, the court determines that, providing the trust does not sooner terminate, the remainder to which any such grandchild would be entitled, if living, shall be paid to his estate in 10 “ equal annual installments ”, the first payment thereof to commence on the 21st anniversary of such grandchild’s birth.
Settle decree.