Edward S. Silver., J.
In this accounting proceeding the successor trustee and the administratrix of a deceased trustee have petitioned for a construction of testator’s will to determine the manner of distribution of the remainder of the trusts created under testator’s will.
The testator died on October 24, 1919 leaving a will dated May 6,1905, which was probated on November 15,1919. Letters testamentary were issued to Florence P. Diaz, a daughter of the testator, and to Bruno Diaz, a nephew. The latter died on April 18,1938. On February 7,1941 letters of trusteeship were granted to Florence P. Diaz. On January 13, 1961 she died and the corporate petitioner was appointed successor trustee on May 26, 1961. The copetitioner, Jeen H. Lysaught, was appointed administratrix with the will annexed of the estate of Florence P. Diaz on July 1, 1964.
Under article “second” of his will, testator directed that his entire estate be divided into five equal shares, one share for each of his five daughters, Adelaide, Alice, Florence, Sarah and Ida, and held in trust for each daughter with the income payable to each for life. Said article of the will contained separate clauses disposing of the real and personal property, which are essentially similar, providing that upon the death of a daughter her entire share passed outright to the issue of the daughter so dying; but in the event she died without issue her share was to be subdivided and allotted into as many shares as there were daughters of the testator living at such time and added to their share with income payable to them for life.
The pertinent parts of said article “ second ” of the will read as follows
1. As to the real estate * * * to collect and receive the rents and income thereof * * * to pay over the residue thereof to my said daughters, severally and respectively, during their several and respective lives * * *
On the death of any of my aforesaid daughters, then the said trust as to her entire trust part or share, from whatsoever source in this will the same may be derived, shall cease, and I then devise and bequeath the said entire share or part to my grandchild or grandchildren who may be the lawful issue of my said child so. dying, and to his, her and their heirs and assigns forever. &
In the event of the death of any or either of my said daughters without leaving lawful issue her ‘ surviving, then I direct that the one-fifth (1/5) share so set apart as aforesaid for the use of said child, shall be' subdivided and allotted into as many parts or shares as there may be daughters of mine above-mentioned, then living, and the same shall be deemed added to said shares *668 proportionately, severally and respectively, and all rents and income therefrom added and paid to my several and,respective daughters during the life of each.
2. As to the personal estate * * “ and divide it up into five (5) equal parts or shares * * ** pay over the interest and income from said shares severally and respectively to each of my said daughters * * * and on the death of any child, then to pay and deliver over to my said grandchild or grandchildren, the lawful issue of the child so dying, his, her or their legal representatives, the principal of the entire trust share or part of the daughters so dying, from whatsoever source in this will the same may be derived.
In the event of the death of either or any of my said daughters, without leaving lawful issue her surviving, then I direct that the one-fifth (1/5) share of said personal property so set apart for the use of said child during her life," shall be subdivided- and allotted into as many parts or shares as there may be daughters of mine, above-mentioned, then living and' the same shall be deemed added to the said remaining shares severally and respectively in equal parts or shares and the interest and income therefrom added and paid to my several and respective surviving daughters, during the life of each.
The first of testator’s daughters- to die was Alice, on February 1, 1954, survived by two children to whom the corpus of her trust was paid. The second daughter to die was Sarah, on December 27, 1958, also survived by two children and her one-fifth share was similarly paid to her two children. On January 13, 1961 Florence, the third daughter, died without issue and was survived by the two remaining daughters of the testator, Adelaide and Ida. Pursuant to article second of the will, Florence’s one-fifth share was equally divided and added to the trusts for Adelaide and Ida. Adelaide, the fourth daughter, died without issue on March 27, 1961 survived -by testator’s ■ last daughter Ida, who died on September 3, 1963 and was survived by Jeen Lysaught, her daughter and sole distributee. The total amount of trust property that will pass to Jeen Lysaught depends upon the construction of the will.
There is a controversy among the grandchildren of the testator as to the final dispositions of the shares of the daughters who died without issue. It is contended by Ida’s daughter that she is entitled to receive the entire share of her mother (the last to die) plus the subshares from the corpora of the trust shares of Florence and Adelaide, who predeceased Ida without issue. One of the other grandchildren (son of Alice, first daughter to die) concedes that there is no controversy that testator validly created five separate trusts with provision that upon the death of a daughter without issue, her share was to be divided among the living daughters and the additional income shared by them, lie contends, however, that a share so divided must at the deáth of a second life tenant vest absolutely. There is, however, disagreement as to the persons in whom the absolute vesting of such remainder takes -place. It is further argued by said' grand *669 child that the words ‘ deemed added ’ ’ as used by the testator in the will were not intended to mean that the last surviving daughter was to have a vested remainder in the subshares that passed to her trust upon the death of a daughter without issue.
Webster’s Dictionary defines the word “ allot ” to mean the assignment of a definite thing or part to a person, to distribute; divide, give or grant. In construing a will, effect should be given, when possible, to every word and provision thereof (Roseboom v. Roseboom, 81 N. Y. 356; Matter of McGowan, 134 Misc. 409, 410, 411, affd. 228 App. Div. 779, affd. 254 N. Y. 513). When the intention of the testator is clear it must be given effect without regard to canons of construction (Matter of Rollins, 271 App. Div. 982, affd. 297 N. Y. 612). The testator’s intention is to be ascertained from an examination of the will as an entirety (Matter of McGowan, supra; Matter of Storey, 134 Misc. 791, 796). In this case the testator, in a manner not usually found in wills, indicated his intention and testamentary plan by directing under article “ eighth ” of his will that the will “ shall be construed in accordance with the decisions contained in the cases of Corse against Corse, et al., and Corse against Chapman, et al., decided by the Court of Appeals of the State of New York,” reported respectively in 144 N. Y. 569 and 153 N. Y. 466. The earlier case dealt with the powers of fiduciaries to enter into a lease and is not germane to the present issues. In the later case the testator created trusts for each of his eight children. Upon the death of any child ‘ ‘ the said % share shall cease, and I then devise the said share to my grandchild or grandchildren who may be lawful issue of my said child ”. But if a child died without lawful issue, the testator provided that “ the share so set apart for the use of said child ” was to be divided into as many parts as there were children of the testator then living, and proportionately added to the trust share of his children for life.
The action of the testator in citing Corse v. Chapman (153 N. Y. 466, supra) is indicative of his intention to protect his will from attack based upon possible unlawful suspension of the power of alienation. That case held, first, that “As to the shares of testator’s children having issue, it is clear that the fee vested at the moment of testator’s death in the grandchildren, subject to the life estate of the parent ” (p. 471); second, that when a child dies without issue her share was to be divided equally among the surviving children and thereafter should another child die without issue that “The will does not contemplate any further division of this share * * • *' the share *670 originally set apart for her would be divided among the other children, but the fraction of one-s.ev.enth of a share received by her from Amelia’s estate would not be included in this division, but would be set free by the falling in of the second life in being and vest absolutely.” (p. 473). The principle laid down by the court in said case indicates that the subshares must vest at once as remainders in the issue of the surviving primary beneficiaries.
The language used by the testator in his will is substantially similar to that used by the testator in Corse v. Chapman (supra). The testator herein explicitly provided that upon the death of a daughter without issue, “ the one-fifth (%) share ” so set apart for his daughter was to be “ allotted ’ ’ to the existing trusts of his surviving daughters. In the case of a daughter dying with issue who was the beneficiary of only her original one-fifth trust share, it is clear that the issue received a vested remainder in their mother’s trust, as was the case with the issue of testator’s daughters Alice and Sarah, who died prior to any subdivision. The testator anticipated the possibility of the death of a daughter without issue by providing that the surviving daughters’ trusts were to be augmented by adding thereto an equal part of the original one-fifth share of such a daughter. As to a daughter whose trust had been so augmented and thereafter died with issue, her trust, composed of “ the entire trust share or part of the daughter so dying, from whatsoever source in this Avill the same may be derived,” passed to her issue. HoAvever, it is apparent that the testator did not intend to include the estate or issue of a daughter who died prior to a daughter Avho subsequently died. The testator in an unusual manner went to great lengths in citing case law to assure vesting and to point out the proper interpretation of that vesting. He provided that the original share of a daughter was to vest in her issue; if the daughter had no issue it was to pass for a second life estate to his surviving daughters and thereupon vest in the issue of the surviving daughters, not in the issue of a daughter who had predeceased prior to such augmentation of the trust shares.
That the testamentary scheme of the testator might eventually turn out to be unequal for all of his daughters’ children does not appear to have been his concern. It is apparent that testator’s daughters Avere the primary objects of his bounty and that he was concerned about equality among them while they lived. When testator’s daughters Alice and Sarah died, their issue received their mother’s respective one-fifth trust remainder as provided by the will.
*671 The issue narrows down to the augmentation by the subshares of -the one-fifth share of testator’s daughter Florence (third to die), which passed to Adelaide and Ida,, her surviving sisters. In the case of Ida, her original share became vested in her issue, Jeen Lysaught, together with the subshare Avhich passed to Ida from Florence, as the will provides that the issue of testator’s daughters are to receive the parent’s share “ from whatsoever source in this will the same may be derived.” When Adelaide died on March 27, 1961, her original share passed to her sister Ida (last one surviving) leaving only to be considered the subshare which Adelaide received from Florence’s trust. The subshare had been held for the life of Florence and the life of Adelaide. Under the language of Corse v. Chapman (supra), it could not vest in Adelaide since she died Avithout issue, as under the •will each daughter was given a life estate. The share of each surviving daughter as augmented was to pass to the surviving daughters and vest in their issue only. There is absent any language in the testator’s Avill to indicate that the issue of any predeceased daughter were to share in the distribution of the remainder of the trusts of the surviving daughters. If the testator had so intended, and the will indicates a most careful consideration of his Avishes, he would have provided that the issue of any predeceased daughter were to take the share that their parent would have taken if living (Matter of Bemis, 195 Misc. 716). It is evident that the subshares passing in trust for two lives, as occurred upon Adelaide’s death, which she received from Florence’s trust, would have to vest upon her death in Ida, the sole surviving daughter.
The court holds that each of testator’s daughters received a life estate in their respective one-fifth share of the trust with remainder vested in their respective issue. The court further holds that upon the death of testator’s daughters Alice and Sarah, their issue having received their parent’s respective one-fifth share, have no further interest in this estate. The petitioner, Jeen Lysaught, being the only issue of Ida Diaz (Hunter), the last surviving daughter of the testator, is entitled to the entire remainder of her mother’s original one-fifth share of the trust including the subshares added thereto upon the death of testator’s daughters Florence and Adelaide, Avithout issue. Florence’s subshare which passed to Adelaide vested upon her death in Ida.