PARKER *et al. v.* CHURCHILL, executor, and *vice versa.*

1. By a will the executor or his successor, as trustee, was to take the property of the testator and to hold the net income there of as a fund from which to assist, in his discretion, the poor, the sick, and the distressed among certain named persons, the children of some of them, and the children and grandchildren of others, during the natural lives of such persons, children, and grandchildren; the property was then to go to the governing board of a certain church, and the rents, issues, profits and income were to be used for the relief of the poor of the white race of a certain church. *Held,* that where at the time of the testator's death there was no class of beneficiaries under the first bequest unrepresented, those subsequently born were not included by the terms of the will; and that therefore the interest of the governing board and of the poor of the churches was not postponed longer than the length of lives in being at the time of the testator's death.

2. Under the above-recited facts, the trial judge did not err in sustaining a general demurrer to a petition which sought to set aside these items of the will on the ground that they were violative of the rule against perpetuities.

Argued February 9, — Decided April 12, 1898.

Equitable petition. Before Judge Felton. Bibb superior court. April term, 1897.

*Marion W. Harris,* for plaintiffs. *Hardeman, Davis & Turner* and *H. F. Strohecker,* for defendant.

SIMMONS, C. J. Martha Parker and John Carter brought their petition against Columbus Churchill as executor under the will of Frances Churchill, and against certain persons named as beneficiaries or falling within certain designated classes of beneficiaries under the will. On motion, all the parties defendant except Churchill, executor, were struck from the case. The court then sustained a general demurrer to the petition, filed by the executor. To this ruling petitioners excepted. The petition as amended alleged: Mrs. Frances Churchill died leaving a will, which was probated in solemn form. Petitioners, with two other named persons, are next of kin and only heirs at law of deceased testatrix. Items 2, 3 and 4 of the will are as follows:

"Item 2nd. I will and desire that none of my real property shall be sold, except as hereinafter set out, but all my real property in possession or expectancy, that I now own or may hereafter own, by purchase, gift, or inheritance, or remainder or reversion, to which I may be in any way entitled, shall be kept in repair and held by my executor, together with all moneys I may have and the proceeds of my personal property as above set out, upon the following trust, to wit: that after paying my just debts, if any, and the expenses of administration, the rents, issues and profits of such real property, and the interest on all moneys, shall be placed in some solvent bank, and form a fund to be used by my executor, first, for the payment of taxes, insurance, and repairs on my estate, and in paying the loan due by me in monthly installments to a Knoxville Loan Company; second, the balance or net income shall be used by my executor as a fund out of which to assist the following parties, during their natural lives, whenever they shall need assistance by reason of poverty, sickness or distress, my executor to be the judge of the necessity of such assistance and the extent or amount to be given, provided only said income is to be so used, to wit: my nephew John Carter, and his children and grandchildren, my niece Martha Parker, and her children and grandchildren, my niece Eliza Churchill, and

her children and grandchildren (Columbus Churchill being a son of Eliza Churchill is to participate in said fund whenever the necessity for relief to him arises), my niece Mary Myers, and Gussie Wood and his children, and Mrs. Eliza McClennan. This assistance is to be given only in case of necessity, to be judged of by my executor, and in such amounts as he shall deem reasonable and proper. All income not so used shall be allowed to accumulate and be added at the end of each year to the corpus of my estate.

"Item 3rd. After the death of each and all of said beneficiaries, then this trust shall cease, and all of my estate of every kind, and the unexpended increments thereof, shall be by my executor turned over to the Wardens and Vestry and Rector of Christ's Episcopal Church of Macon, Ga., or the governing board of said church by whatever name known, who shall hold said estate in trust, that the rents, issues and profits and income thereof shall be paid over each quarter to the Rector of St. John's Episcopal Church of East Macon, Ga., to be by said Rector used for the relief of the poor of said St. John's Episcopal Church in such manner and sums as said Rector deems proper. This benefit to be confined to the white race.

"Item 4th. In the event said St. John's Church ceases to exist or shall disband, said income is to be used by the Rector of said Christ Church in his discretion for the relief of the poor of the Episcopal Church residing in East Macon. If the name of St. John's Church is changed, then the provisions of Item 3rd [are] to apply to the Rector of said church under its new name."

The petition further alleged that by the will an attempt was made to create three trusts: the first to the executor in trust for the persons named in the second item, and for other persons not named but described as children and grandchildren of certain of the named beneficiaries, the second and third to the churches and rector in trust for the poor in East Macon of the white race; that any income not needed for these purposes was to accumulate and be added to the corpus of the estate; that the first trust is of such character that the limitation over to the second may not take effect until after the expiration of

the time allowed by the rule against perpetuities; that the second and third trusts are void for uncertainty; that by the will the power to dispose of the corpus of the estate is forever suspended, which is in violation of the rule and policy of the law in that regard; that the final limitation over to the poor of the Episcopal Church of East Macon in the event St. John's Church should disband is an attempt to create a trust for the benefit of an object which is uncertain and which may never exist. Petitioners contend that, for these reasons, the fee to none of said property has ever legally gone out of the estate of the testatrix; that the heirs at law are entitled to the property; and that the executor is not able to respond in damages to any decree they might get against him. They pray, that a resulting trust be decreed to exist in their favor in the property and in the income collected by the executor, and that to that extent they be declared the owners in fee; that the executor be required to account to them; for injunction and receiver, and for general relief.

1. Under section 3102 of the Civil Code, the rule against perpetuities is, that "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and twenty-one years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity, and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under the legal limitations." This rule is for the purpose of preventing the creation of remote future interests in estates; and the devise, bequest, or grant is to be first construed, and then the rule applied. The first question which arises in the present case is, whether the first bequest is for more than lives in being and twenty-one years thereafter. If not, then the rule against perpetuities does not apply to the limitation over to the second trust. The executor was to take the property as trustee, and to hold the net income thereof as a fund from which to assist, in his discretion, the poor, the sick, and the distressed among certain named persons, the children of some of them, and the children and

grandchildren of others, during the natural lives of such persons, children, and grandchildren. If the children or grandchildren born subsequently to the death of the testatrix are to take under the will, the limitation over would be for a period longer than is allowed by the rule against perpetuities. If, on the other hand, no person is included who is not in esse at the time of the testatrix's death, then the first bequest is only for lives in being. In determining this question, we may first state that, in our opinion, all of the beneficiaries named and designated by the will share in common the right to the benefits thereunder, and the rule in Shelley's case does not apply.

In the petition there is no allegation that there is any class of beneficiaries named of which none was in being at the time of the death of the testatrix. There is no attempt to name the beneficiaries who were in being at the time of the testatrix's death; and in the absence of allegations to the contrary, we, construing the petition against the pleader, must assume that each and every one of the different classes of beneficiaries was represented at the time of Mrs. Churchill's death. It is a familiar rule, that a gift to a class to take effect immediately upon the testator's death includes only those who are living at that time. *Martin* v. *Trustees,* 98 *Ga.* 320; *Wood* v. *McGuire,* 15 *Ga.* 203; 2 Jarm. Wills, Bigelow, 6th ed., *1010, t. p. 167; 2 Redf. Wills, *9, *10. A bequest to a class, some of whose members are in being at the time the bequest is to take effect, does not include others subsequently born. In the present case each class was represented by some one or more members in esse, and the bequest to them was to take effect immediately upon the death of the testatrix. Such bequest would, therefore, include those children and grandchildren, and those only, who were in life at the time of the testatrix's death. All the beneficiaries being in life at the time of the testatrix's death, and the duration of the first trust being restricted to their natural lives, such trust can not extend through a space longer than lives in being. It follows that the rule against perpetuities is not violated by the bequest to the first trust with limitation over to the second.

The first trust established by the will and the limitation over

to the second are both valid; and in the present proceeding it is unnecessary further to pursue the subject, for the investigation already made is sufficient to determine the rights of the present petitioners in this matter. Under the code, "When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under the legal limitations." Here the property passes to the executor to be held in trust as directed by the will, and then passes to the trustee in the second trust. This second trust is not indeterminate, and we see no reason why it should not be held valid. There is no present reason why the trust property should return to the estate of the testatrix, and the interest of the petitioners must, for the present, cease whether the further limitations be valid or void.

2. Under the facts as they appear in the record, the court did not err in sustaining the general demurrer to the petition.

*Judgment on main bill of exceptions affirmed; cross-bill of exceptions dismissed. All concurring, except Cobb, J., absent.*