JAMES B. CONNELLY, Appellant, *v.* EDMUND A. O'BRIEN et al., Respondents.

WILL — VESTED REMAINDERS. A will providing that all the testator's estate, real and personal, after the payment of his debts, shall go to his widow during her life, and "then to such of my children as may then be alive, share and share alike," gives a life estate to the widow, with remainder to the children, postponing the enjoyment, but not the vesting of the remainders until the termination of the life estate.

*Connelly* v. *O'Brien*, 40 App. Div. 574, reversed.

(Argued March 7, 1901; decided April 16, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 16, 1899, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. D. Bailey* and *T. S. Fagan* for appellant. Under this will the remainder vested upon the death of the testator. (*Areson* v. *Areson*, 3 Den. 458; *Tomlinson* v. *Dighton*, 1 P. Wms. 149; *Sage* v. *Wheeler*, 3 App. Div. 38; *Moore* v. *Lyons*, 25 Wend. 119.) The antecedent of the last "then" and the word from which it takes its time is the verb "give."

There is no other time given in this part of the sentence, no
other time or period mentioned anywhere in the will, qualify-
ing the giving, or limiting the time of the gift. (1 Ld. Raym.
577; 1 Comyn's Dig. 339; *Bold* v. *Molineux*, 1 Dyer, 14; 2
Pars. on Cont. 644; *Matter of Myers*, 6 Abb. [N. C.] 438;
*Stevenson* v. *Lesley*, 70 N. Y. 512; *Mortimer* v. *Mortimer*,
48 N. S. L. J. 470; *Wolfe* v. *Van Nostrand*, 2 N. Y. 436;
*Livingston* v. *Greene*, 52 N. Y. 119; *Archer* v. *Jegon*, 8
Simon, 446; *Matter of Brown*, 93 N. Y. 295; *McKinstry*
v. *Sanders*, 2 T. & C. 181.)

*John T. Norton*, *William J. Roche* and *John H. Peck*
for respondents. Under the will of James Higgins the plain-
tiff has no title to or interest in the land and premises involved
in this action. (*Wylie* v. *Lockwood*, 86 N. Y. 291; *Fairchild*
v. *Edson*, 154 N. Y. 199; *Wadsworth* v. *Murray*, 161 N. Y.
274; *Matter of Robinson*, 57 Hun, 395; *Palmer* v. *Horn*,
84 N. Y. 516; *Mowatt* v. *Carow*, 7 Paige, 328; *Bisson* v. *W.
S. R. R. Co.*, 143 N. Y. 125.) There are no words of present
gift in this will. The gift was not to individuals *eo nomine*,
but to a class, the persons in which class would be determined
when the testator's widow died and not before. (*Carmichael*
v. *Carmichael*, 1 Abb. Ct. App. Dec. 309; 4 Keyes, 346;
*Sheridan* v. *House*, 4 Abb. Ct. App. Dec. 218; *Matter of
Robinson*, 57 Hun, 395; *Patchen* v. *Patchen*, 121 N. Y.
432; *Eckert* v. *Wilklow*, 26 Misc. Rep. 294; *Moore* v. *Littel*,
41 N. Y. 66; *Losey* v. *Stanley*, 147 N. Y. 560; *Campbell* v.
*Stokes*, 142 N. Y. 23; *Avery* v. *Everett*, 110 N. Y. 317;
*Matter of Miller*, 11 App. Div. 337.)

O'BRIEN, J. In this action to partition real property the
plaintiff claims title by descent from his mother, who, it is
claimed, took a vested remainder under the will of her father,
James Higgins, who died in the year 1855, leaving him sur-
viving his widow and six children. The plaintiff's title and
right to maintain the action turns upon the question whether
the remainders in this will are vested or contingent. If the
use of simple and concise language in a will would preclude

any controversy with respect to its meaning, this will would be exempt from all attack, since it is a model of comprehensive brevity. It consists of a single sentence : " I give all my estate, real and personal, after the payment of my debts, to my wife Rose during her life and then to such of my children as may then be alive, share and share alike." The plaintiff's mother was one of the children mentioned in this will, and she having died before the termination of the life estate, the plaintiff has no title unless the remainder to his mother vested on the death of her father. The widow died in 1879 and the plaintiff's mother in 1874. The courts below held that the remainders were contingent, vesting only in the children of the testator that survived their mother.

There could be little doubt with respect to the meaning of this will but for the use of the word *then* in the last line. The construction to be given to the instrument does not depend, however, upon grammatical rules or any close analysis of the language employed, but upon settled principles applicable to all wills. A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting of estates. The adverbs of time, therefore, such as *when, then, after, from* and *after*, etc., in a devise of a remainder limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest. The law favors such a construction of a will as will avoid the disinheritance of remaindermen who may happen to die before the determination of the precedent estate. (*Moore* v. *Lyons*, 25 Wend. 119; *Sage* v. *Wheeler*, 3 App. Div. 38; *Matter of Brown*, 93 N. Y. 295; *Delafield* v. *Shipman*, 103 N. Y. 463; *Stokes* v. *Weston*, 142 N. Y. 433; *Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125; *Corse* v. *Chapman*, 153 N. Y. 466; *Hersee* v. *Simpson*, 154 N. Y. 496; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Matter of Brown*, 154 N. Y. 313.) Applying these principles to the will in question, it must be held, I think, that the remainders vested in the testator's children upon his death, and this construction does no violence to the

language employed. Indeed, it is difficult to reach any
other conclusion without supplying words that the testa-
tor has not used. The meaning and intention of the testa-
tor is quite clear if we paraphrase the will as follows, which
is clearly permissible : " I give at my death all my estate to my
wife during her life and then to such of my children as may
then be alive, share and share alike." The word *then* denotes
the time when both estates are to vest and refers to the death
of the testator and not to that of the life tenant. It will be
seen that the remainders to the testator's children are not in
terms limited upon the death of the widow. The contingency
of her death is not mentioned in the will, though of course it
was contemplated, and hence, if the language is to be con-
strued literally or grammatically, the word *then* at the close
of the sentence would refer to the expression " during her
life." Some words must be supplied, therefore, in order to
warrant the conclusion that the remainders were to vest only
upon the death of the widow or the termination of the
precedent estate. The word *then* must be understood to refer
to some precedent event, and the only event to which it can
refer, according to the language employed, is the death of the
testator. The courts will not supply words which the testa-
tor has not used in order to prevent the vesting of an estate,
and the defendant's contention really requires the courts to
do so. The intention of the testator manifestly was to give
a life estate to his widow, with remainder to his children, post-
poning the enjoyment but not the vesting of the remainders
till the termination of the life estate.

The cases are not all in harmony on the question whether
a remainder in a given case is vested or contingent, but our
conclusion in this case seems to be warranted by the language
of the will and required by settled rules of construction.

The judgment should be reversed and a new trial granted,
costs to abide the event.

BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur;
PARKER, Ch. J., not voting; LANDON, J., not sitting.

Judgment reversed, etc.