Matter of Proceedings Supplementary to Execution in SIGMUND LAUTER, Judgment Creditor, Respondent, *v.* SENDAL HIRSCH, Judgment Debtor, Appellant.

(Supreme Court, Appellate Term, March, 1910.)

Assignments — Property or rights assignable — Expectant estates.
Supplementary proceedings — Receiver — Property rights and management and disposition of property — Personal property — Expectancies.

Since the Revised Statutes all expectant estates have been alienable, whether vested or contingent.

Under a will by which the testator's residuary estate was left to the executors in trust for the widow during her life with the direction that the testator's entire estate or as much thereof as should remain should be divided upon her death among all his children in equal shares, and, should any of his children die leaving issue surviving, that such issue should take the share the parent would have taken if living, a son during the lifetime of the widow has no interest that would pass to a receiver in supplementary proceedings.

APPEAL from an order of the City Court of the city of New York denying a motion to vacate an order appointing a receiver in supplementary proceedings.

Strauss & Anderson (Charles Strauss and Eugene D. Boyer, of counsel), for appellant.

Ellis L. Aldrich, for respondent.

*Per Curiam.* It is conceded that there is no property which would justify the appointment of the receiver except

an interest under the will of the appellant's deceased father, who died February 3, 1909, leaving a widow who is still living, and six children. The residuary estate is left to the executors in trust for the widow during her life. The will then proceeds as follows: " and upon her death, I direct that my said entire estate, or as much thereof as shall remain, be divided among all my children in equal shares, and should any of my children die, leaving issue surviving, such issue shall take the share the parent would have taken if living."

The case has been argued as if the question involved were whether the appellant had a vested or contingent interest in the property. This is a common but not strictly accurate use of words. Ever since the Revised Statutes, at least, all expectant estates have been alienable, whether vested or contingent. 1 R. S. 725, § 35; Real Prop. Law, 1896, § 49; id. 1909, § 11, Pers. Prop. Lal, 1897, § 2; id. 1909, § 11; Moore v. Littel, 41 N. Y. 66, 83, 86; Dodge v. Stevens, 105 id. 585, 588; Griffin v. Shepard, 124 id. 70; Roosa v. Harrington, 171 id. 341, 353. The real question is whether appellant has any present interest at all, whether vested or contingent. Upon this question we have the highest authority for saying that the cases are not at all in harmony. Connelly v. O'Brien, 166 N. Y. 406, 409. We incline to the opinion that they preponderate in favor of the position that he has no present interest. Matter of Crane, 164 N. Y. 71; Dougherty v. Thompson, 167 id. 472; Matter of Keogh, 47 Misc. Rep. 37; 112 App. Div. 414; 186 N. Y. 544. If this opinion is correct, he has no estate that is alienable, and, therefore, none that would pass to the receiver or trustee. Matter of Hoadley, 101 Fed. Rep. 233, and cases cited; Matter of Gardner, 106 id. 670. The testamentary provision under consideration in the latter case was closely similar to the one which we have here.

Present: SEABURY, GUY and WHITNEY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.