ESSLIE et al. v. KRAFT et al.

(Supreme Court, Equity Term, Erie County. December, 1910.)

WILLS (§ 524*)—CONSTRUCTION—TIME OF VESTING.

A will gave all of testator's realty to his wife in trust for his 11 children, at her death to go to the children, or the survivors thereof, bequeathed his personalty in trust to his wife, to support herself and the children, and provided that the residue thereof remaining at her death should go to such children, or the survivors thereof; both the realty and personalty remaining at her death to be divided among the children, or the survivors thereof, in equal proportion. *Held*, that testator's intention was that the realty and the residue of the personalty should at his wife's death go to the children living at the time of his own death, the words "or the survivors thereof" referring to the children living at his death, so that the realty vested in the children named in the will at testator's death, possession only being postponed until the widow's death; and hence the interest of a child dying after testator descended to his children, subject to the rights of his own and testator's widow.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1116–1127; Dec. Dig. § 524.*]

Action to construe a will by Caroline Esslie and others against Kathryn F. Kraft and others. Findings and decree as stated.

Moses T. Day, for plaintiffs.
Leggett & Thibaudeau, for defendants.

BROWN, J. Adam Esslie died November 12, 1888, leaving Caroline Esslie, his widow, Adam H. Esslie, Frank E. Esslie, George F. Esslie, Warren E. Esslie, Carl Esslie, Arthur Esslie, Rose M. Esslie, Kathryn F. Kraft, Anna E. Fell, Louise C. Zeller, and Mabel I. Lewis, his children; also leaving a last will and testament, in and by which he devised his real estate in the following language, viz.:

"First: I give and bequeath to my wife Caroline Esslie all my real estate situated in lot 46 Mile Reserve Town of Niagara N. Y. in trust for my children Katie F., Rossala M., Louisa C., George F., Adam H., Anna E., Frank E., Warren E., Mabel I., Carl, Arthur, to hold and manage the same and at her death to go to the children aforementioned or the survivors thereof."

The personal property was bequeathed to the wife, Caroline, in trust for the support of herself and the children, the same or any residue thereof remaining at her death to be left to the above mentioned children or the survivors thereof.

"Both the said real estate and the said personal property remaining at her death to be divided to my above mentioned children or the survivors thereof in equal proportions share and share alike."

The widow, Caroline, and all of the above mentioned children are now living, except Frank E. Esslie, who died subsequent to the death of the testator, leaving no widow or issue him surviving; Adam H. Esslie, who died subsequent to the death of the testator, leaving him surviving Nellie Esslie, his widow, and Raymond H., Elma I., Adam C., Myrtle, and Harold, his children; and Carl Esslie, who died July 27, 1910, intestate, without issue and leaving no widow.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is very plain that the testator intended that his widow should have the possession and management of both the real and personal property for the support of herself and the 11 children, and that at her death such real estate and the residue of the personal property should be possessed and owned by those of his children who should be living at the time of his death. The words "or the survivors thereof" must be construed as referring to those of his children who should be living at his death. The real estate vested in the 11 children named in the will at the death of the testator; the possession or enjoyment thereof was postponed until the death of the widow. The devise was to the widow in trust for the 11 children, or those of the 11 children who should survive the testator. To hold that those only of the 11 children who should survive the widow were intended to receive the real estate and personal property is to infer that the testator intended that the issue of such of the 11 children as might die before the death of the widow should be cut off and disinherited. The fact that all the property was left in trust for the benefit of the 11 children is a controlling circumstance leading to the conclusion that the testator intended that the 11 children who should survive him should ultimately receive and share in his estate. To say that the testator intended to provide for the care, support, and maintenance of any one of his children out of his property for years, and then, simply because such child happened to die shortly before the widow, that such child's issue should be disinherited, is invoking a construction of this will that can not be maintained. Under all the authorities to which attention has been called, it must be held that, the 11 children named in the will having survived the testator, they each upon his death became possessed of a vested right to an interest in the real estate therein devised; that the interest of Adam H. Esslie has descended to his children, subject to the rights of Nellie Esslie, his widow, and the rights of Caroline Esslie under the will. Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Livingston v. Greene, 52 N. Y. 118; Kelly v. Kelly, 61 N. Y. 47.

Let findings be prepared, with costs to plaintiffs and defendants payable out of decedent's estate.