In the Matter of the Estate of ELDEN C. DE WITT, Deceased.

Surrogate's Court, Westchester County, November 26, 1930.

*Loucks, Griffin, Connet & Cullen* [*Dorman T. Connet* of counsel], for the petitioners.

*Reeves, Todd, Ely, Price & Beaty* [*Ambrose G. Todd, John C. Murray, Alexander S. Rowland* and *Harry J. Ahlheim* of counsel], for Harlan C. De Witt.

*Robert P. Smith,* special guardian.

SLATER, S. Elden C. De Witt died March 29, 1927, leaving a will admitted to probate in Westchester county. Questions of construction of his will are submitted to the court in the judicial settlement of the account of the executors. The decedent left a large estate. After the payment of debts and funeral expenses, all the rest, residue and remainder of the estate is devised and bequeathed to the executors to hold as trustees for the life of the widow. The widow is alive. By the 5th paragraph, upon the widow's death, the estate passes to others, *i. e.,* two legacies are given, and the balance is divided into fourteen parts or portions. Seven separate fourteenths are to be retained by the executor-trustees for seven separate trusts, each for the life of each separate beneficiary. Each remainder gift is given in these words: " * * * and upon her death, I direct that said one-fourteenth part be divided among the persons named in this, the ' Fifth ' paragraph of my Will, who shall, at such time, have issue surviving."

Then, in the same 5th paragraph, the following remaining gifts are made.

" g. Unto my half brother, Harlan C. De Witt, one-fourteenth part or portion thereof to be his absolutely and forever.

" h. Unto my half sister, Nell E. Cunningham, one-fourteenth part or portion thereof to be hers absolutely and forever.

" i. Unto my sister, Ida E. De Witt, two-fourteenths parts or portions thereof to be hers absolutely and forever.

" j. Unto my nephew, Leon D. Niles, one-fourteenth part or portion thereof, to be his absolutely and forever.

"k. Unto my nephew, Harold B. Niles, one-fourteenth part or portion thereof to be his absolutely and forever.

"It is my desire and request that my said nephews, Leon D. Niles, Harold B. Niles, and my niece, Mildred Chervanka, shall each pay to their father during his lifetime, the sum of One Thousand ($1,000.00) Dollars annually.

"l. Unto Barton Pope of Cedar Rapids, Iowa, son of John Pope and Lucy Pope, my niece, one-fourteenth part or portion thereof to be his absolutely and forever.

"m. Unto Cora Lee, the niece of my wife, of Chicago, Illinois, one-fourteenth part or portion thereof, to be hers absolutely and forever.

"If any of the persons given a life estate in this, the 'Fifth' paragraph of my Will shall die leaving issue, then, and in that event, I give, devise and bequeath to such issue, the principal of said life estate, share and share alike, to be theirs absolutely and forever and the provisions heretofore contained for the division of such life estate among the other persons named in said Will having issue shall not take effect unless upon the termination of such life estate, the beneficiary left no issue."

The 6th paragraph is as follows:

"*Sixth.* I will and direct that none of the devises or bequests of the rest, residue and remainder of my estate shall lapse for any cause whatsoever, but unless otherwise herein provided, in the event of the death of any of the persons to whom I have made such a devise or bequest, prior to the vesting in said person of such said devise or bequest, then it is my Will that such said devise or bequest shall pass in accordance with the last Will and Testament of the person so dying the same as if said devise or bequest had already become vested; and in the event of such person under such said condition dying intestate, then and in that event, I give, devise and bequeath such said devise or bequest to the person or persons who under the statute of distribution of the State of New York, would be entitled to receive the property of the person so dying and in the shares and amounts as entitled under such statute."

Prior to the account of proceedings of executors and the request to construe the will, a proceeding had been instituted by Harlan C. De Witt, one of the interested parties, seeking construction of paragraph 6 of the will, with regard to its application, if any, to his gift. The court adjourned such proceeding to cause it to run along with the account of proceedings of the executors. I have given consideration to the questions presented in both petitions.

The question presented by Harlan C. De Witt is whether the gifts under the 5th paragraph, subdivisions g, h, i, j, k, l and m,

created vested remainders, or whether the gifts were controlled by the 6th paragraph of the will.

Provision is made in the 6th paragraph for disposition of lapsed gifts " prior to the vesting in such person of such said devise or bequest." It appears clear that the gifts above referred to, being subdivisions g to m, as mentioned in the 5th paragraph, vested at the date of decedent's death. The words " prior to the vesting," so far as these gifts are concerned, allude to the period of time existing between the making of the will and the death of the decedent. Substitutional provision was made in the event of a donee dying within decedent's lifetime. All of such beneficiaries survived the decedent. The words are plain. Paragraph 6 is inapplicable.

I hold that the gifts under subdivisions g, h, i, j, k, l and m to Harland C. De Witt, Nell E. Cunningham, Ida E. De Witt, Leon D. Niles, Harold B. Niles, Barton Pope and Cora Lee, vested at decedent's death. (*Northern Trust Co.* v. *Wheaton,* 249 Ill. 606.) I find nothing in the will that changes the character of the estate bequeathed to those who take pursuant to subdivisions g to m. The words of gift are stalwart words which create vested remainders. Again, these gifts are not to a class, but to nominated persons. Lord BROUGHAM, in *Thornhill* v. *Hall* (2 Clark & Fin. 22), wrote a single sentence truism upon this legal point in these words: " I hold it to be a rule which admits of no exception, in the construction of written instruments, that where one interest is given, where one estate is conveyed — where one benefit is bestowed in one part of an instrument by terms clear, unambiguous, liable to no doubt, clouded by no obscurity, by terms upon which, if they stood alone, no man breathing, be he lawyer or be he layman, could entertain a doubt — in order to reverse that opinion, to which the terms would of themselves and standing alone have led, it is not sufficient that you should raise a mist; it is not sufficient that you should create a doubt; it is not sufficient that you should show a possibility; it is not even sufficient that you should deal in probabilities, but you must show something in another part of that instrument which is as decisive the one way as the other terms were decisive the other way; and that the interest first given cannot be taken away, either by *tacitum* or by *dubium,* or by *possibile* or even by *probabile* but that it must be taken away, and can only be taken away by *expressum et certum.*"

*Tillman* v. *Ogren* (227 N. Y. 495) is a leading case in this state upon the question.

The executors ask for instruction as to the administration of the trusts created in the other subdivisions of paragraph 5. Con-

struction was sought with regard to the distribution of the corpus of these several trusts after the death of the widow.

The court concludes that the application for construction of these clauses is prematurely made. The questions are reserved for future consideration and decision.

Submit decree in the accounting proceeding, and, likewise, in the pending construction proceeding.