## In the Matter of the Estate of JOHN GATES, Deceased.

Surrogate's Court, Wayne County, November 30, 1931.

*George S. Tinklepaugh,* for the executrix.

*M. M. Kelly,* for Joseph J. Gates.

*Dutcher Bros.,* for Charles J. Potwine and others.

*Walter I. Hover,* for Edith P. Hover.

*J. Donald Shoecraft,* for Mabel P. Clark.

*Raines & Raines,* for Caroline P. Raines.

GILBERT, S. This is a proceeding brought by the executrix of the estate of John Gates for a settlement of her account as executrix and for permission to resign her office; also for a construction of paragraph 3 of decedent's will.

The decedent, John Gates, died on or about January 30, 1886, a resident of the town of Sodus, Wayne county, N. Y., leaving his last will and testament which was admitted to probate in this

court on March 1, 1886. Letters testamentary were on that date issued to a daughter, Mary Jane Gates, the surviving executrix in the will named.

At the time of decedent's death there survived him as his heirs at law and next of kin a son, Joseph Gates; a daughter, Mary Jane Gates, the executrix; a daughter, Emma Gates Potwine; a grandson, Theodore J. Parker, the son of Elizabeth Gates Parker, a deceased daughter. Decedent's will was dated March 30, 1881, at which time decedent's wife, Elizabeth Gates, was living. Elizabeth Gates died subsequent to the making of the will and prior to the death of decedent.

Decedent's will provided first for the payment of his debts and funeral expenses and then directed his executors to sell some real estate situate in the State of Wisconsin. The use of the proceeds of the sale of this real estate was given to his widow and his daughter Mary Jane Gates during their joint lives and the life of the survivor of them. The proceeds of said sale were then to be disposed of under the terms of paragraph " Third."

Paragraph " Third " of decedent's will provided as follows: "*Third.* And I further give and bequeath to my said wife Elizabeth and my said daughter Mary Jane the use of all the rest, residue and remainder of my Real Estate and personal property that I may have at the time of my decease and of every name and nature and kind soever for their use benefit and enjoyment equally between them for and during the term of their joint lives and to the survivor of either of them for and during the term of the life of such survivor, and after the decease of my said wife Elizabeth and my said daughter Mary Jane the property so held by them I give and bequeath and devise as follows: To the children of my daughter Emma A. Potwine, wife of Charles Potwine the equal one half part of Real Estate and personal property so held by my said wife and daughter equally between said children and to their heirs and assigns. And to the child of my daughter Elizabeth Parker deceased the other one half part of such Real estate and personal property so held by my said wife and daughter should he be living but should his death occur before the vesting of the legacy herein given and bequeathed to him then and in that case, my will is that the legacy so given and bequeathed to him shall be and I hereby give and devise the same to the children of my said daughter Emma A. Potwine equally between them share and share alike and to their heirs and assigns forever."

It is a construction of this paragraph of the will which is sought in this proceeding and the particular point involved is whether or not the provision made in said paragraph for " the child of my

daughter Elizabeth Parker deceased," the aforesaid Theodore J. Parker, vested in said Theodore J. Parker at the death of the testator or has now vested in the children of Emma A. Potwine, the said Theodore J. Parker having died before the expiration of the life use of Mary Jane Gates.

Theodore J. Parker died on or about July 13, 1929, a resident of the State of California, intestate, never having married. If the provision made for him in the will of his grandfather, John Gates, vested at the death of John Gates, then the heirs at law and next of kin of said Theodore J. Parker will be entitled to one-half of the estate of John Gates upon the death of the life tenant, Mary Jane Gates. If Theodore J. Parker obtained no vested interest in his grandfather's estate upon his grandfather's death, but the vesting thereof was contingent upon Theodore J. Parker surviving the life tenants named in the will, then, under the terms of the " Third " paragraph of the will of John Gates, the whole of the estate will go to the children of Emma Gates Potwine at the death of Mary Jane Gates, the surviving life tenant.

It is apparent from a study of the will of testator that his first interest was the welfare of his wife, Elizabeth Gates, and his unmarried daughter, Mary Jane Gates. The use of his entire estate is given to them during their joint lives and during the life of the survivor. The wife, Elizabeth, did not survive the testator and never took under the will but the daughter Mary Jane Gates has been in the possession and enjoyment of her legacy from the date of the testator's death and is still in the possession and enjoyment thereof. While some claim was made at the beginning of this proceeding that a trust had been created under the provisions of the will for the widow and unmarried daughter, it is my understanding that this claim is not now urged but it is conceded that merely a life use was intended and given.

The residuary legatees named in the will were grandchildren of the testator, and represent two lines of descent: One, the children of Emma Gates Potwine, a daughter, and the other the child of Elizabeth Gates Parker, also a daughter. No mention is made in the will of the son, Joseph Gates, and in the first instance the estate of testator is divided equally between the descendants of his two daughters. The testimony taken on the hearings in this matter does not show the ages of the children of Emma Gates Potwine but does show that the grandson, Theodore J. Parker, was approximately ten years of age at this time and living in testator's household.

It is elemental that the intent of the testator is to be determined from his will without recourse to any outside matters except in

the event of an ambiguity, and the will should be construed according to established rules of construction. Two well-established rules are involved in the decision of the present matter: *First*, the rule that the law favors the vesting of estates; and *second*, an estate is to be deemed vested when there is a person or persons in being who would have an immediate right to the estate upon the ceasing of the intermediate or precedent right. In the briefs filed by counsel for the several parties in interest are cited numerous decisions supporting the foregoing proposition and it is needless and would require space far beyond that proper to use in this decision, to discuss all these authorities. *Connelly* v. *O'Brien* (166 N. Y. 406) seems to be a leading authority on the question involved in the present case. The *Connelly* case was decided in 1901 and the rules of construction stated in the opinion have never been criticised. It is held in the *Connelly* case that adverbs of time, such as " when," " then," " after," " from and after," etc., in a devise of a remainder limited upon a life estate are construed to relate merely to the time of the enjoyment of the estate, and not to the time of the vesting in interest.

Applying this rule of construction to the case at bar, what did the testator mean in paragraph " Third " of his will when he gave " to the child of my daughter Elizabeth Parker, deceased, the other one-half part of such real estate and personal property so held by my said wife and daughter should he be living but should his death occur before the vesting of the legacy herein given and bequeathed to him then   *   *   *? " Did he mean that the vesting of this provision for his grandson should be postponed until the death of his wife and the death of his daughter Mary Jane, a possible period of many years, and in fact a period which has not yet expired, or did he mean that possession and enjoyment only of said legacy should be so postponed? Counsel for the children of Emma Potwine argue for the first proposition, while counsel for the other interested parties contend that the latter proposition expresses the intent of the testator.

It is easy for one to speculate on this matter and to advance numerous arguments in support of either contention, but when the rules of construction hereinbefore stated and as applied in the *Connelly* case are applied in the instant case, it is clear that this provision of testator's will should be construed as though it read, " To the child of my daughter Elizabeth Parker, deceased, the other one-half part of such real estate and personal property so held by my said wife and daughter should he be living *at my death*." As heretofore pointed out, the grandson, Theodore J. Parker, was approximately ten years of age at the time this will was

executed and was living in the testator's family. He was the son of a deceased daughter of the testator, as the beneficiaries of the other one-half of the estate were the children of another daughter of the decedent. Conceivably the testator had in mind that his daughter Mary Jane might, in the natural course of events, survive testator for many years, during which time the grandson, also in the ordinary course of events, might grow up, marry and have children of his own but might die before the death of testator's daughter Mary Jane Gates. In such event, did the testator intend that such heirs of his grandson should be cut off? It seems to me that such an intention on the part of the testator would be unnatural and should not be ascribed to him unless clearly expressed in his will.

A long line of cases supporting this decision could be cited, among others, *Corse* v. *Chapman* (153 N. Y. 466), and more recently *Matter of De Witt* (139 Misc. 138), but the case of *Connelly* v. *O'Brien* (*supra*) is sufficient, as the other cases merely state or reiterate the same principles.

The point is stressed that because in the provision for the children of his daughter Emma A. Potwine the testator used the words " and to their heirs and assigns," but did not use words of substitution in the provision for his grandson Theodore J. Parker, the testator clearly intended that the provision for Theodore J. Parker in his estate should be contingent upon the said grandson surviving the life tenants. Such an intention might be read into the will but it can be reasoned with equal force that, there being four of these children, the testator was reasonably sure that some, if not all, of them would survive the testator or would leave issue him surviving. It is not within the province of this court to write a new will for the decedent and it serves no good purpose to speculate upon the many different intents which might be ascribed to him. The construction herein given to this clause of decedent's will is as consistent with the wording of the clause as any other and conforms to and applies well-established rules of construction which may not lightly be disregarded.

I, therefore, hold that, under the will of John Gates, his estate, at his death, vested one-half in the children of his daughter Emma A. Potwine and one-half in his grandson Theodore J. Parker, subject only to the life estate in the whole created for the benefit of his daughter Mary Jane Gates.

The executrix, Mary Jane Gates, is now a woman past ninety years of age and confined to her home. Her administration of the estate since her father's death has apparently been carried out in a proper and commendable manner, but the time has arrived when

she no longer wishes to be burdened with the care of her duties, nor should she be. Her account may be settled and permission is given to her to resign.

The affairs of this estate being largely centered in and around the town of Williamson, in which there is a banking institution qualified to act in such matters, the State Bank of Williamson may be granted letters of administration with the will annexed on the estate of John Gates upon qualifying as prescribed by law.

A decree conforming with this decision may be entered upon notice.