In the Matter of the Petition of JOHN F. DREYER, JR., and HARRY W. DREYER, to Render and Settle Their Account as Executors, etc., of HENRY W. DREYER, Deceased, and for a Construction of the Will of the Said Decedent. JAMES S. REGAN, Special Guardian for MARGARET E. W. QUICK, Appellant; JOHN F. DREYER, JR., and HARRY W. DREYER, as Executors, etc., of HENRY W. DREYER, Deceased, Respondents.— Decree of the Surrogate's Court, Kings County, construing the testator's will and judicially settling the account of the executors, modified by striking from the second decretal paragraph the subparagraph numbered " 4," and all of the third decretal paragraph and substituting the following in place thereof: " 4. The said testator further directed that upon the death of the said Matilda M. Weber, the said entire residuary estate, after deducting therefrom the amount required to pay the said legacies of Two thousand dollars ($2,000) given to each of the children of his brother Charles M. Dreyer and his brother William F. Dreyer who survived the testator, and the said sum of Twenty thousand dollars ($20,000) directed to be held in trust for Margaret E. W. Quick during her life, shall be divided in equal shares among and paid to the children of his brother John F. Dreyer, who survive the testator; and upon the death of said Margaret E. W. Quick, the aforesaid Twenty thousand dollars ($20,000) shall be divided among and paid to the children of John F. Dreyer who survive the testator; and it is FURTHER ADJUDGED AND DECREED that if the said Matilda M. Weber shall survive the said Margaret E. W. Quick, then upon the death of the said Matilda M. Weber the aforesaid entire residuary estate, after deducting therefrom the said legacies of Two thousand dollars ($2,000) each,

shall be divided among and paid to the children of the said John F. Dreyer who survive the testator; and it is." As thus modified, the decree, in so far as appealed from, is affirmed, with costs to all parties filing briefs, payable out of the estate, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly. The law favors the vesting of remainders, and it is apparent that the testator's intention was to give a life estate to his sister-in-law, with the remainder to the children of his brother John who survived him, deducting from the remainder the several $2,000 legacies and a life estate in the income of a $20,000 fund. (See *Connelly* v. *O'Brien*, 166 N. Y. 406.) Hagarty, Adel and Taylor, JJ., concur; Lazansky, P. J., and Close, J., dissent and vote to affirm the decree without modification.