Per Curiam.

Bates, by his will, made provision for no one except his wife and children. It treats what is left after the payment of his debts, as his residuary estate, so that the distinction between gifts from the general estate and a gift from the residuary, treated as significant in Fulton Trust Company (218 N. Y. 573, 580) is not present. We can see no reason for applying to this will the so-called “ divide and pay over rule,” when it was held unavailable in the Pulton Trust Company decision (supra).
While unfortunately we do not have the ages of Bates and his wife at the time the will was drawn, in 1920, it is quite clear that this couple had had no children, then, for thirteen years, and no other child was born to them thereafter, so that, in 1923, when Bates died, sixteen years passed without the birth of any additional child to this couple. Therefore, even without knowing how old this husband and wife were at the time the will was drawn in 1920, we believe it is fairly inferable that the testator did not believe that he and his wife would have any more children after the drafting of this will. We conclude, therefore, that when he made provision in the will for his wife and children, he was making provision for the only wife he ever expected to have, and also for the only children he ever expected to have. Taking that view, although he does not specifically name each child, in reality he does name them, because it is perfectly evident that he is referring to the four children which he then had. That view of the case is another reason why the rule should not be applied here.
All that was stated by that truly great lawyer, Chief Judge Cullen, in his dissenting opinion, in which two other excellent lawyers, Judge Gray, and then Judge, afterward Chief Judge, Willard Bartlett concurred, in Dickerson v. Sheehy (209 N. Y. 592) may well be applied to the construction of this will. After all this rule is a mere rule of construction, and ought never to be utilized to thwart the plain intention of a testator. Surely no court should so construe a will, unless the language of it was so plain as absolutely to require such construction, as to import to a testator an intention to disinherit children of his own issue. Nevertheless, to construe this will as the appellants *562 seek to have it construed, would, of necessity, require importing that very intention to this testator. We cannot find in this will any evidence of such an intention. An examination of the many decisions relating to wills where it was sought to apply to them this rule, will disclose that the intention must be clearly evidenced before that rule will be deemed applicable. In the recent decision of our own court, in Matter of Staats (272 App. Div. 139, affd. 297 N. Y. 648), no difficulty was found in refusing to apply the rule to that will, which, although it may have contained some features militating against the application of the ■ rule,- not found in the instant will, lacked one, and a strong one, • which is present in the will now being considered, namely, words of direct gift to the children, not merely a direction to pay over to them.
Neither do we believe that because, if the determination be made that the one-fourth share vested in the son at the death of the testator, an additional estate tax arises, that is any reason for applying the rule to this will.
Significant, also, as indicating that the remainder is vested, and not contingent or defeasible, is the absence of any substitutionary gift of the remainder.
While we know that the determination of the character of remainders created in testamentary instruments has given rise to hair-splitting arguments, we cannot reconcile treating the remainders created by this will as not vested in the children of the testator living at his death, but as contingent upon their surviving their mother, the life tenant, with the interpretation of the will of one Higgins in Connelly v. O’Brien (166 N. Y. 406). Plaintiff was the grandson of Higgins, the pertinent part of whose will giving rise to the litigation read as follows: “ I give all my estate, real and personal, after the payment of my debts, to my wife Bose during her life and then to such of my children as may then be alive, share and share alike.” Connelly’s mother died before the death of her mother, Mrs. Higgins, the life tenant. The trial court and the Appellate Division held that the remainders were contingent, vesting only in those children of Higgins who survived his widow, their mother. At page 408, Judge O’Brieh, in an opinion, in which the other members voting, concurred, said: “ The adverbs of time, therefore, such as when, then, after, from and after, etc., in a devise of a remainder limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest.” The Court of Appeals determined that the remainders vested in the children of Higgins at his death.
*563 It seems to ns that the second and third paragraphs of the Bates will mean exactly the same as if stated in the following language: “ I give to my wife, Florence, the life use of all my property, provided she does not remarry, and upon her death or remarriage, all of my property shall go to my children, share and share alike, the income to be used for their support and education during their minority, and the principal sum to be paid over to them upon their arriving at the age of 25 years respectively, subject to the following provisions: ” Concededly the fourth and fifth provisions have nothing to ■ do with the question here involved. If our interpretation of the meaning of the second and third dispositive clauses of the will is correct, then it seems to us that the language is almost that of the Higgins will construed in Connelly v. O’Brien (supra).
The decree, so far as appealed from, should be affirmed, with costs to all parties filing briefs payable out of the estate.
All concur, except Dowling, J., not voting. Present — Dowling, Habbis, McCubn, Labicin and Love, JJ.
Decree, so far as appealed from, affirmed, with costs to all parties filing briefs payable out of the estate. [See 273 App. Div. 805.]