WRIGHT *et al. v.* HEFFERNAN, executrix, *et al.*

No. 16489. FEBRUARY 16, 1949. REHEARING DENIED MARCH 16, 1949.

*Swift, Pease, Davidson & Chapman, John L. Green,* and *James Barrow,* for plaintiffs.

*J. Madden Hatcher, Hatcher & Hatcher,* for defendants.

WYATT, Justice. Counsel for the plaintiffs in error state in their brief that the following questions are presented for determination: "(1) Were the heirs at law entitled to maintain this action against the executors, trustees and beneficiaries of the will for a construction of the will, for a declaration of the invalidity of portions thereof, and for a declaration of their rights, if any, in the estate of the deceased? (2) Were the charitable trusts in remainder so vague and indefinite as to purpose, object and mode of execution as to be void? (3) In the event the trusts in remainder were void for uncertainty, would the rule against perpetuities operate to vest the equitable remainder in

the life tenants; or would title vest in the heirs at law of the deceased?"

The petition in this case is not maintainable as one merely for the construction of a will under § 37-404 of the Code, for, under the provisions of that section, only the representatives of the estate may seek the direction of a court. Nor is it maintainable as an action seeking the recovery of property devised by a will, in which a construction of the will is sought as a basis for such recovery, for it is not alleged that the executors have assented to the devise or wrongfully refuse to assent. *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227); *Palmer* v. *Neely,* 162 *Ga.* 767 (135 S. E. 90).

The Declaratory Judgments Act (Ga. L. 1945, p. 137) provides that legatees, heirs, and others "may have a declaration of rights or legal relations in respect thereto and a declaratory judgment: (a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others, or (b) To direct the executor, administrator, or trustee to do or abstain from doing any particular act in their fiduciary capacity, or (c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." This provision must be construed in the light of section 1 of the act, which provides that in cases of "actual controversy" the superior courts shall have the power to declare rights and other legal relations of any interested party petitioning for such declaration. "The 'actual controversy' of section 1 of the act means a justiciable controversy, and it is therefore relevant to determine what constitutes a 'justiciable controversy.' A controversy is justiciable when there are 'interested parties' asserting 'adverse' claims (Borchard on Declaratory Judgments, 2d. ed., p. 36; 16 Am. Jur. 284, § 10) upon a state of facts which must have accrued, where a legal decision is sought or demanded." *Brown* v. *Lawrence,* 204 *Ga.* 788 (51 S. E. 2d, 651).

"As a general rule, the courts will not render a declaratory judgment as to future rights, but just as in ordinary actions will wait until the event giving rise to the rights has happened, or, in other words, until the rights have become fixed under an existing state of facts." 16 Am. Jur. 292, § 18. "The courts

will not, ordinarily, attempt to decide or declare the rights or status of parties upon a state of facts which is contingent or uncertain, or until the question as to which a declaration is sought has actually arisen. This rule is similar to the rule observed where the guidance of an equity or probate court is sought under the practice which prevails independent of declaratory judgment statutes." 16 Am. Jur. 293, § 19.

The case of *Parker* v. *Churchill*, 104 *Ga.* 122 (30 S. E. 642), is somewhat similar on its facts to the present case. There a testatrix provided by one item of her will that the income from an estate should be paid by the executor, as trustee, to certain persons and their children and grandchildren; and by a second item, that at the death of all of such beneficiaries, the entire corpus should be turned over to a named trustee, and the income should be paid over to a named church; and by a third item, that in the event the church should cease to exist, the income should be used by the rector of the church, in his discretion, for the relief of the poor of the Episcopal Church in Macon, Georgia. Heirs at law sought a construction of the will, contending that the first trust was of such a character that the limitation over to the second might not take effect until after the expiration of the time allowed by the rule against perpetuities, and that the second and third trusts were void because of uncertainty. After ruling that the trust created in favor of the named persons and their children and grandchildren was not invalid, and that "the rule against perpetuities is not violated by the bequest to the first trust with limitation over to the second," the court held: "In the present proceeding it is unnecessary further to pursue the subject, for the investigation already made is sufficient to determine the rights of the present petitioners in this matter. Under the Code, 'When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under the legal limitations.' Here the property passes to the executor to be held in trust as directed by the will, and then passes to the trustee in the second trust. This second trust is not indeterminate, and we see no reason why it should not be held valid. There is no present reason why the trust property should return to the estate of the testatrix, and the interest of

the petitioners must, for the present, cease whether the further limitations be valid or void."

In the present case, no attack is made on the provisions of the will providing for the payment of the income from the residue to certain life beneficiaries. The plaintiffs seek to have declared void only a remote limitation over to certain charities. While the *Parker* case was decided prior to the enactment of our declaratory-judgment statute, we think the reasoning in that case applicable here, because the present petition does not disclose an "accrued state of facts," and discloses that if the plaintiffs have any interest at all, it is such as will arise upon the termination of the life estates. Accordingly, "there is no present reason why the trust property should return to the estate of the testatrix, and the interest of the petitioners must, for the present, cease whether the further limitations be valid or void."

An entirely different question would be presented had the petition disclosed that the life estates had terminated and that the executors and trustees are asserting the validity of the limitations over and preparing to distribute the income to named charities. But the petition here alleges that the executors and trustees "are preparing to distribute the income from the residue of the estate *after* the termination of the life estates" to named churches, and that there exists an actual controversy between the parties. These allegations are mere conclusions of the pleader, unsupported by any facts alleged in the petition. It is certain that the executors could do nothing to affect adversely the interests of the plaintiffs, if any they have, nor to recognize the validity of the charitable trusts, until the termination of the life estates. It is certain that there is no impending necessity for a declaration of rights. It may be fifty or seventy-five years before the life estates terminate and before any distribution of the estate could occur. The present plaintiffs may be dead. New executors and trustees may have succeeded to the duties of the old ones. Who can say what their attitude will be, or whether, when the life estates terminate, there will exist any actual controversy between the parties necessitating a declaration of rights? At any rate, we do not think that this court should undertake to decide as to future rights, dependent upon the termination of life estates; but it should await the hap-

pening of an event which will bring about an accrued state of facts. What purpose could an adjudication serve at this time? The petition alleges no necessity or reason for such an adjudication.

For decisions from other jurisdictions supporting the rulings here made, see Titsworth *v.* Titsworth, 107 N. J. Eq. 436 (152 Atl. 869), holding that, on a bill for the construction of a will, the court will not pass upon unnecessary or future questions; Re DeWitt, 247 N. Y. Supp. 835, holding that a court will not undertake to instruct a trustee respecting the distribution of the corpus of the trust after the life tenant's death, where the life tenant is still living; Re Suydam, 248 N. Y. Supp. 176, holding that a court will not determine the construction of a will as to the ultimate distribution of a remainder expectant upon the determination of a trust where the life tenant is still alive.

The majority of courts seem to hold that, in order to authorize declaratory relief, the record must disclose antagonistic claims indicating "imminent and inevitable litigation"; and that courts will not render an opinion which is merely advisory in character upon a state of facts which have not fully accrued. Among the requisites or conditions which the courts generally hold must be present in order that a declaratory judgment may be obtained, is the requirement that "the issue involved in the controversy must be ripe for judicial determination." Borchard, Declaratory Judgments (2d. ed.), pp. 26-57. As to when an action is ripe for determination in a declaratory-judgment action, Borchard says: "In general it may be said that the facts on which a legal decision is demanded must have accrued, for the principle of a declaratory judgment is that it declares the existing law on an existing state of facts. The danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events—although it may involve future benefits or disadvantages—and the prejudice to his position must be actual and genuine and not merely possible or remote. . . Where the plaintiff is merely in doubt as to his rights under a written instrument, such as a will, and there is either no one who disputes the claim or else some event must happen before the plaintiff's right fully accrues, the action is naturally con-

sidered as prematurely brought." Borchard, Declaratory Judgments (2d. ed.), p. 56.

It appearing from the petition that there exists no actual controversy between the parties with regard to an issue which is ripe for judicial determination upon an accrued state of facts, the petition set forth no cause of action for declaratory relief; and, accordingly, the trial judge did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., Bell and Head, JJ., concur specially.*

DUCKWORTH, Chief Justice, BELL and HEAD, Justices, concurring specially. The allegations of the petition do not show that the charitable trusts declared in the will were invalid upon any ground; and for this reason, regardless of other questions, the petition was properly dismissed on general demurrer.