In the Matter of the Accounting of BANK OF NEW YORK AND FIFTH AVENUE BANK, as Trustee of a Trust for JENNIE MOSES under the Will of SELIG STEINHARDT, Deceased. MINNIE L. MOSES et al., Appellants; BANK OF NEW YORK AND FIFTH AVENUE BANK, as Trustee of a Trust for JENNIE MOSES under the Will of SELIG STEINHARDT, Deceased, and as Executor of JENNIE MOSES, Deceased, et al., Respondents.

SHIENTAG, J. (dissenting). The will here in issue set up several trusts for testator's children, in one of which a life estate was given to his daughter, Jennie Moses, with the remainder disposed of, in pertinent part, as follows: " in case she shall survive my said wife and myself and die without leaving a descendant, then I give and devise the said houses and lots of land, in fee, to my daughter and sons then living". The question presented is whether or not the words " then living " have reference to the date of the testator's death or to the date of the death of the life tenant. In *Connelly* v. *O'Brien* (166 N. Y. 406) the doctrine was announced that the word " then ", used in this kind of context in a testamentary provision, would be construed to have reference to the date of the testator's death, if possible. I can perceive no persuasive factor in the instant instrument which would require a different result. But even if there were special factors here which would cast doubt upon the applicability of the *Connelly* rule, it would seem to me quite decisive of the case that interpretation of the words " then living ", as referring to the date of the testator's death, would provide equality of treatment among testator's lineal descendants. Under the construction adopted at Special Term, the entire corpus of this trust goes to the widow of one of testator's sons, whereas the descendants of all his other children are completely excluded. The order below should be modified in accordance with the views here expressed.

Peck, P. J., Dore, Cohn and Van Voorhis, JJ., concur in decision; Shientag, J., dissents and votes to modify in opinion.

Order affirmed, with $20 costs and disbursements to respondents. No opinion. [See 280 App. Div. 766.]