John D. Bennett, S.
The petition of the trustees for an accounting, and the answer of the executor of the deceased remainderman, request the construction of and instructions concerning two portions of the will.
Article Sixth of the will provides for a trust during the lifetime of the decedent’s wife, ¡Susie M. Wissman, to pay over the net income therefrom to the wife and the decedent’s daughter, Margaret K. Madigan, equally. The trust further provides as follows upon the death of the wife: “ Upon the death of my said wife, susie m. wissman, or in the event she shall predecease me or die with me in a common disaster, then upon my death whichever event last happens, I give, devise and bequeath one-half of the principal of said trust together with any accrued or accumulated income to my daughter, mabgabet k. madigan, to be hers absolutely and in fee ”. The other one half was left in trust in two parts for the benefit of two grandchildren. The wife and daughter survived the decedent but the daughter died on December 26,1961, the wife still surviving.
The first question presented for construction is whether article Sixth of the will creates a vested remainder in the estate of the daughter to one half of the corpus of the trust. The law favors the early vesting of estates and whenever possible a remainder is to be construed as vested rather than contingent. (Matter of Tuthill, 158 N. Y. S. 2d 12.) The law favors such a construction of a will as will avoid the disinheritance of remaindermen who may happen to die before the termination of the precedent estate (Connelly v. O’Brien, 166 N. Y. 406; Matter of Van Auken, 31 N. Y. S. 2d 897). Further, the law favors a construction which would avoid partial intestacy which would occur if the interest of the life beneficiary were held not to be vested (Matter of Fabbri, 2 N Y 2d 236).
*41 It follows that one half of the trust estate is distributable to the estate of Margaret K. Madigan upon the death of Susie M, Wissman.
The second question presented for construction concerns the disposition of one half of the income from said trust during the life of the wife, which was payable to Margaret K. Madigan prior to her death. There being a valid limitation of an expectant estate, a suspension of the power of alienation or of the ownership during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation being given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate (Beal Property Law, § 63).
The next eventual estate is the estate which under the provisions of the will becomes effective by a possession of the property or fund upon the happening of the event which marks the termination of the existing estate, or which is to take effect at the end of the period during which the rents and profits are undisposed of, or are invalidly accumulated (Russell v. Hilton, 80 App. Div. 178,192; Matter of Kohler, 231 N. Y. 353, 376).
Under the provisions of the will the next eventual estates of the entire remainder of the trust are the estate of Margaret K. Madigan to the extent of one half thereof, the trust for the granddaughter, Sheila Joan Madigan, to the extent of one quarter thereof, and the trust for the grandson, John P. Madigan, Jr., to the extent of one quarter thereof.
During the lifetime of Susie M. Wissman, she receives one half of the income from the whole trust, and from the date of death of Margaret K. Madigan until the death of Susie M. Wissman, the estate of Margaret K. Madigan is entitled to receive one quarter of the income and the grandchildren, Sheila Joan Madigan and John P. Madigan, Jr., each is entitled to receive one eighth of the income from the whole trust.