Edward S. Silver, J.
This is a final accounting by a trustee, wherein it petitions the court to determine the nature of the gift to Cornelia Van Zandt Freed (hereinafter referred to as Cornelia), the remainderman named and designated as Mrs. John Freed, in subparagraph 6 of article Fourth of testatrix’ will, the nature of her remainder interest in the trust, and the validity and effect of an assignment executed by the said Cornelia to the respondent, trustees of the Masonic Hall and Asylum Fund.
By article Fourth of her will, testatrix bequeathed her residuary estate to petitioner to hold in trust during the life of her daughter Mabel and to pay one half of the income thereof to said daughter and the other one half to her daughter Agnes. She further directed that upon the death of Mabel “ my daughter Agnes * * * being then alive,” the trustee should pay over the principal of the trust to Agnes, but c ‘ should my said daughter Agnes be not living at the time of the death of my daughter Mabel,” then they should, as modified by the codicil, pay two nominal legacies to a named cemetery for the repair and perpetual care of certain graves, and the balance of the principal “to my friend Mrs. John Freed.”
The testatrix died in 1920, Agnes in 1953 and Mabel in 1965. Cornelia, the substitutional remainderman, died in 1963.
The court determines that the gift to Cornelia was vested subject to being divested only if Agnes survived Mabel. That eventuality never occurred and, therefore, her gift remained vested as of the time of testatrix’ death. There was no condition of survivorship or other limitation placed upon the gift to Cornelia, and in the absence of clear and unequivocal language in the will the court will not imply a different intention (Matter of Krooss, 302 N. Y. 424; Matter of Del Pino, 106 N. Y. S. 2d *1094 391, 395; Matter of Leonard, 143 Misc. 172 and eases cited therein). The fact that there was no gift over of Cornelia’s legacy is further indication of testatrix’ intention that her remainder interest was to vest immediately upon testatrix’ death (Fulton Trust Co. v. Phillips, 218 N. Y. 573; Matter of Ashner, 24 A D 2d 595). A canon of construction applicable to this problem is that the law favors the vesting of estates and a contrary intention, unless unequivocally expressed, will not be imputed (Matter of Watson, 262 N. Y. 284; Connelly v. O’Brien, 166 N. Y. 406; Hersee v. Simpson, 154 N. Y. 496; Matter of Lurrie, 186 Misc. 805). Also, the policy of the law favors the vesting of estates at the earliest possible time (Matter of Campbell, 307 N. Y. 29; Matter of Krooss, supra-, Connelly v. O’Brien, supra) and a presumption in favor of vesting applies with particular force where the gift is of the residue (Fulton Trust Co. v. Phillips, supra). Nor does the law favor such a construction of a will disinheriting a remainderman who dies before the determination of the precedent estate (Connelly v. O’Brien, supra).
The court will now consider the other issue submitted for its determination, viz., the validity and effect of the assignment executed by the remainderman Cornelia. On May 12, 1951, when she was 83 years of age, the said Cornelia was admitted to the Masonic Home at Utica, New York, which is owned by respondent, trustees of the Masonic Hall and Asylum Fund, where she remained as a guest until the date of her death in 1963. At the time of her admission and in accordance with the rules and regulations of the home she executed an ‘ ‘ Agreement by Applicant ” wherein she agreed “ to transfer to the Trustees of the Masonic Hall and Asylum Fund, on their demand, any and all my property, both real and personal, of which I may now be possessed, or which may hereafter come to me, or to which I may become entitled.” It is undisputed that upon her admission to the said home, pursuant to demand made upon her, the said Cornelia transferred and assigned to respondent, trustees of the Masonic Hall and Asylum Fund, all of the property she then owned or was entitled to, in the value of about $900. The respondent alleges in its answer that said transfer of property was one of the considerations for admission to the home and they are entitled to the remainder interest of Cornelia in the trust fund by virtue of the aforesaid assignment and the demand which was made and understood to cover all property “ of which I may now be possessed, or which may hereafter come to me, or to which I may become entitled.” (Emphasis supplied.) The special guardian appearing on behalf of the unknown distribu *1095 tees of 'Cornelia, on the other hand, contends that the said assignment was ineffective to transfer her remainder interest in the trust to respondent as no express demand therefor was made during her lifetime. Accordingly, he recommends that “ the principal and accrued income after payment as enumerated in the accounting, of the subject trust fund be set aside for the heirs of said Cornelia Van Zandt Freed ”.
The court finds no merit to the special guardian’s contention. It is the opinion of the court that the demand which was made upon Cornelia, at the time of her admission to the home, was to include not only the property which she then owned but also all other property to which she might thereafter become entitled. For that reason, and on the authority of Matter of Hein (166 Misc. 931, affd. 255 App. Div. 1007), Matter of St. John (163 Misc. 17), and Home and Hosp. of the Daughters of Israel v. President and Directors of the Manhattan Co. (128 N. Y. S. 2d 56), the court determines that the assignment so executed by Cornelia was valid in all respects and that she thereby effectively assigned and transferred all of her remainder interest in the trust fund to the respondent, trustees of the Masonic Hall and Asylum Fund. As was appropriately stated in Fidelity Union Trust Co. v. Reeves (96 N. J. Eq. 490,494, affd. 98 N. J. Eq. 412), “ the public welfare is better served by upholding contracts of this kind whereby institutions, which care for the aged and tend to relieve the public of their charge, are facilitated in their work for the poor, than to put the ban of the law on them because, perchance, some of the unfortunates might quite accidentally be favored by the death of a rich relative or friend. And to them the sureness of a home in their declining years far outweighs the advent of any such remote possibility. ’ ’